## ORIGET *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 186. Argued February 16, 1888.—Decided March 19, 1888.

A paper headed " Bill of Exceptions " not bearing the signature of the judge, but containing at its foot these words, " Allowed and ordered on file November 22, '83, A. B.," the trial having taken place in June, 1883, cannot be regarded as a bill of exceptions, because not signed by the judge, as required by § 953 of the Revised Statutes.

An information in a suit *in rem* against certain imported goods seized as forfeited for a violation of the customs revenue laws, alleged an entry of the goods, which were subject to duties, with intent to defraud the revenue by false and fraudulent invoices, by means whereof the United States were deprived of the lawful duties accruing upon the goods embraced in the invoices. The answer of the claimant denied that the goods became "forfeited in manner and form as in said information is alleged." At the trial the jury rendered " a verdict for the informants, and against the claimant for the condemnation of the goods mentioned in the information, and that the goods were brought in with intent to defraud the United States." The decree set forth that the jury having " by their verdict found for the United States, condemning the said goods," they were " accordingly condemned as forfeited to the United States : " *Held*,

(1) The verdict was a sufficient compliance with the requirement of § 16 of the act of June 22 1874, c. 391, (18 Stat. 189,) that, in order to a forfeiture the jury should find that " the alleged acts were done with an actual intention to defraud the United States ; "

(2) The judgment was sufficient without reciting any special fl ding by the jury as to an intent to defraud.

Under § 12 of the act of June 22, 1874, c. 391, (18 Stat. 188,) merchandise can be forfeited independently of the imposition of the fine mentioned in that section.

IN REM, for the condemnation of four cases of goods seized for forfeiture for violation of the customs revenue laws. Judgment in the District Court condemning the goods, which was affirmed in the Circuit Court. The claimant sued out this writ of error.

*Mr. Edwin B. Smith* for plaintiff in error.

*Mr. Solicitor General* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit *in rem*, brought by the United States, in the District Court of the United States for the Southern District of New York, against four cases of merchandise, seized for forfeiture for violations of the customs revenue laws. One of them was imported into the port of New York on the 6th of March, 1882, and the other three were imported on the 10th of March, 1882. The information proceeds against them for violations of §§ 2839 and 2864 of the Revised Statutes, and of the 12th section of the act of June 22, 1874, c. 391, (18 Stat. 188). The latter section is in these words: "Sec. 12. That any owner, importer, consignee, agent, or other person who shall, with intent to defraud the revenue, make, or attempt to make, any entry of imported merchandise, by means of any fraudulent or false invoice, affidavit, letter, or paper, or by means of any false statement, written or verbal, or who shall be guilty of any wilful act or omission by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise, or any portion thereof, embraced or referred to in such invoice, affidavit, letter, paper, or statement, or affected by such act or omission, shall, for each offence, be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both; and, in addition to

such fine, such merchandise shall be forfeited; which forfeiture shall only apply to the whole of the merchandise in the case or package containing the particular article or articles of merchandise to which such fraud or alleged fraud relates; and anything contained in any act which provides for the forfeiture or confiscation of an entire invoice in consequence of any item or items contained in the same being undervalued, be, and the same is hereby, repealed." As the material questions in the case arise in respect to section 12 of the act of 1874, it will not be necessary to refer particularly to the counts founded on the sections of the Revised Statutes.

One count, in regard to three of the cases, alleges that, on or about the 10th of March, 1882, the owner, importer, consignee, or agents of the merchandise, or some other person or persons now unknown to the collector and to the attorney for the United States, with intent to defraud the revenue, made or attempted to make an entry of the merchandise, which was then and there subject to duties, and had been imported into the United States, within the district of the city of New York, from Paris, a foreign place, by way of Havre, in the vessel Amérique, by means of false and fraudulent invoices, affidavits, letters, and papers, and by means of false statements, written and verbal, by means whereof the United States were deprived of the lawful duties, or a portion thereof, accruing upon the merchandise, or a portion thereof, embraced and referred to in such invoices, affidavits, letters, and papers, and such false statements, the cases whose contents are proceeded against for forfeiture containing particular articles of merchandise to which said alleged frauds related, contrary to said 12th section.

Another count, in regard to the three cases, alleges, that, on or about the 10th of March, 1882, the owner, importer, consignee, or agents of the merchandise, or some other person or persons now unknown to the collector and to the said attorney, with intent to defraud the revenue, made or attempted to make an entry of the merchandise, which was then and there subject to duties, and had been imported into the United States within said district, from Paris, a foreign place, by way of Havre, in the ship Amérique, and that the said owner, im-

porter, or agents, and other person or persons unknown, was and were guilty of certain acts and omissions, whereby the United States were deprived of the lawful duties, or a portion thereof, accruing upon the merchandise, or a portion thereof, affected by said acts and omissions, the cases whose contents are proceeded against for forfeiture containing particular articles of merchandise to which said alleged frauds and said acts and omissions related, contrary to said 12th section.

There were two similar counts in regard to the fourth case.

The counts founded on § 2829 of the Revised Statutes allege a failure to invoice the goods according to their actual cost at the place of exportation, with design to avoid the duties thereon; and those founded on § 2864 allege an entry of, or attempt to enter, the goods by means of false invoices and papers.

A claim was interposed by one Origet, as owner of the goods, and an answer denying that the goods became "forfeited in manner and form as in said information is alleged."

The case was tried by a jury, and the minutes of the trial show that the jury rendered "a verdict for the informants and against the claimant for the condemnation of the goods mentioned in the information, and that the goods were brought in with intent to defraud the United States." Thereupon a decree was entered, which set forth, that, the jury having "by their verdict found for the United States, condemning the said goods," they were "accordingly condemned as forfeited to the United States." On a writ of error sued out by the claimant from the Circuit Court, that court affirmed the decree of the District Court, and remanded the case to the latter court for the execution of its decree. The claimant has brought the case to this court by a writ of error.

The counsel for the claimant seeks to raise objections to the admission of certain evidence at the trial, and to the exclusion of certain other evidence, upon what appears in a paper found in the record and headed "Bill of Exceptions." But the paper does not bear the signature of the District Judge. The trial took place on the 8th of June, 1883. At the foot of the paper referred to appears the following: "    ~wed and ordered on

file November 22, '83. A. B." This cannot be regarded as a proper signature by the judge to a bill of exceptions, nor can the paper be regarded for the purposes of review as a bill of exceptions. To make it clear that a seal to a bill of exceptions was not necessary to its validity, Congress, by § 4 of the act of June 1, 1872, c. 255, (17 Stat. 197,) now § 953 of the Revised Statutes, enacted as follows: "A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof, if more than one judge sat on the trial of the cause, without any seal of court or judge being annexed thereto." This provision merely dispensed with the seal. The necessity for the signature still remains. We cannot regard the initials "A. B." as the signature of the judge, or as a sufficient authentication of the bill of exceptions, or as sufficient evidence of its allowance by the judge or the court. Therefore, the questions purporting to be raised by the paper cannot be considered.

An objection is made to the verdict, founded upon § 16 of the act of June 22, 1874, c. 391, (18 Stat. 189,) which is in these words: "Sec. 16. That in all actions, suits, and proceedings in any court of the United States, now pending or hereafter commenced or prosecuted, to enforce or declare the forfeiture of any goods, wares, or merchandise, or to recover the value thereof, or any other sum alleged to be forfeited by reason of any violation of the provisions of the customs revenue laws, or any of such provisions, in which action, suit, or proceeding an issue or issues of fact shall have been joined, it shall be the duty of the court, on the trial thereof, to submit to the jury, as a distinct and separate proposition, whether the alleged acts were done with an actual intention to defraud the United States, and to require upon such proposition, a special finding by such jury; or, if such issues be tried by the court without a jury, it shall be the duty of the court to pass upon and decide such proposition as a distinct and separate finding of fact; and in such cases, unless intent to defraud shall be so found, no fine, penalty, or forfeiture shall be imposed."

The objection made is, that the verdict states "that the goods were brought in with intent to defraud the United States," and does not state, in the language of § 16, that the acts alleged in the information were done with such intent. But we are of opinion that this objection has no force. It is evident that, under the information and the answer, the question of intent to defraud, submitted to the jury and passed upon by them, must have been as to the intent to defraud in the respects set forth in the information and denied by the answer; and the finding "that the goods were brought in with intent to defraud the United States" must, in respect to the counts founded on § 12 of the act of 1874, be regarded as a finding that the acts alleged in those counts were done with such intent to defraud. The words "brought in" may fairly be construed as having reference to the entering or attempting to enter the goods by the means specified in those counts, as the entry of the goods is the necessary means, provided by law, for bringing the goods within the control of the importer, so that they may be employed by him for the purposes for which they were imported. There is no count in the information founded upon an unlawful importation or bringing in of the merchandise, in any other sense than that it was entered or attempted to be entered by means of the false papers mentioned in the information.

It is also objected, that the judgment of the District Court only recites that the jury "found for the United States condemning the said goods," and does not recite any special finding as to an intent. to defraud. This objection is overruled for the reasons set forth in the opinion in the case of *Friedenstein* v. *United States*, just decided, (*ante*, p. 224).

It is also made a point in the brief of the counsel for the claimant, that the District Court had no jurisdiction of the cause of action set forth in the information, because the only method of obtaining a condemnation of goods for the causes mentioned in § 12 of the act of 1874, is in the course of a proceeding by indictment against an offender; that a proceeding against the goods is only authorized by that section as an incident of the prosecution of an offender by an indict-

ment; that the forfeiture of the goods, like the fine and the imprisonment prescribed, is a part of the punishment, upon a conviction on a criminal prosecution; that the forfeiture is imposed only as an addition to a fine, where that is imposed; and that the merchandise cannot be forfeited independently of the imposition of the fine. But we are of opinion that this is not the proper construction of the section. The fine, or the imprisonment, or both, are to follow conviction on a criminal prosecution of the owner, importer, consignee, agent, or other person who does the act forbidden by the section, with the intent therein mentioned. The section then goes on to say that, "in addition to such fine, such merchandise shall be forfeited." The sole meaning of this is, that the person owning the merchandise shall lose it by forfeiture, in addition to such possible loss as may come to him by the imposition, if he is the offender, of the pecuniary fine, on the criminal prosecution against him. But the merchandise is to be forfeited irrespective of any criminal prosecution. The forfeiture accrues to the United States on the commission or omission of the acts specified. No condition is attached to the imposition of the forfeiture. The section does not say that the merchandise shall be forfeited only on the conviction of some offender, whether the owner of the merchandise or one of the other persons named in the section. The person punished for the offence may be an entirely different person from the owner of the merchandise, or any person interested in it. The forfeiture of the goods of the principal can form no part of the personal punishment of his agent.

The construction contended for by the claimant would require the imposition of the forfeiture only when a fine was imposed; and not only could the forfeiture not be imposed where imprisonment was awarded, but the language would require that, on a criminal conviction of the agent, the merchandise of the principal should be forfeited, in order to allow of the imposition of any fine on the convicted agent. Again, two persons, a consignee and an agent, aside from the owner, might each of them be guilty and each of them be separately prosecuted criminally, and, if the first one convicted were

fined and the goods were forfeited, the second one tried could not, on conviction, be punished by a fine, because, the merchandise having been already forfeited, it could not be a second time forfeited, and so the requirement of the statute that the merchandise should be forfeited in addition to the imposition of the fine could not be carried out. We conclude, therefore, that the forfeiture imposed by the section is no part of the punishment for the offence.

In the case of *Coffey* v. *United States*, 116 U. S. 436, 443, where § 3257 of the Revised Statutes imposed on a distiller for forbidden acts the forfeiture of his distillery, and also a fine and imprisonment, this court held, on the authority of *The Palmyra*, 12 Wheat. 1, 14, 15, that the forfeiture was to be enforced by a civil suit *in rem*, and the fine and imprisonment in a criminal proceeding.

*The decree of the Circuit Court is affirmed.*