GOETZINGER et al. v. WOODLEY et al.

(Circuit Court of Appeals. Fourth Circuit, January 11, 1927.)

No. 2527.

1. **Appeal and error** ⊙⇒544(1)—**Compulsory nonsuit and exclusion of evidence is not reviewable without bill of exceptions.**

Entry of compulsory nonsuit at close of plaintiffs' evidence and exclusion of evidence cannot be reviewed without proper bill of exceptions.

2. **Exceptions, bill of** ⊙⇒40(4)—**Defendants' agreement, indorsed on plaintiffs' bill of exceptions, filed before expiration of time as extended, cannot give jurisdiction, where judge signed it after expiration of such time.**

Where plaintiffs' bill of exceptions, filed before expiration of term, was not signed by judge until 5 months after expiration of term, and over 4½ months after expiration of latest extension of time for settling it, court had no jurisdiction to allow it, notwithstanding defendants, before expiration of time, had indorsed their agreement thereon, since consent cannot give jurisdiction to federal courts.

3. **Exceptions, bill of** ⊙⇒56(4)—**Federal courts may not consider bill of exceptions not authenticated by judge's signature (Comp. St. § 1590).**

In view of Act June 5, 1900, § 1 (Comp. St. § 1590), federal courts may not consider bill of exceptions, unless it is authenticated by a judicial signature.

In Error to the District Court of the United States for the Eastern District of North Carolina, at Washington; Isaac M. Meekins, Judge.

Action by M. E. Goetzinger and another against S. W. Woodley and others. Judgment for defendants, and plaintiff brings error. On defendants' motion to dismiss. Motion granted, and judgment affirmed.

A. D. MacLean, of Washington, N. C. (Tazewell Taylor, of Norfolk, Va., and W. B. Rodman, Jr., of Washington, N. C., on the brief), for plaintiffs in error.

H. S. Ward, of Washington, N. C. (Junius D. Grimes, of Washington, N. C., on the brief), for defendants in error.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

ROSE, Circuit Judge. [1, 2] The plaintiffs in error, who occupied the same position below, assign as error the entry of a compulsory nonsuit at the close of their evidence and the exclusion of certain testimony offered by them. These are matters which cannot be considered by us, unless the facts out of which they arose are made to appear by a proper bill of exceptions. While the suit was brought as far back as 1916, it was not tried until the January special term in the year 1926. On the 28th of January, after the judgment complained of had been entered, an order was made giving 90 days to file and serve the bill of exceptions; that is, until April 28th, a day which fell within the regular statutory April term of the court. On the 23d of April the court extended the time for the plaintiffs to serve their bill of exceptions until May 5th. On April 26th the plaintiffs filed with the clerk a draft of a bill of exceptions, and the next day served a copy of it upon the counsel for the defendants, who on the 21st of May, upon the draft in the clerk's office, wrote and signed a statement that the "foregoing is agreed to and settled as the bill of exceptions." Up to that time, and for many months afterwards, it had never been presented to the judge, and, of course, had not been signed by him. Nevertheless, the clerk of the District Court incorporated it in the certified transcript of record transmitted to us.

On the 29th of September, some 4½ months after the expiration of the latest extension of the time for perfecting the bill, the plaintiffs presented a copy of the transcript to the learned judge below, and on the 29th of September 1926, he certified that such transcript had been submitted to him on that day, and that "the same is correct and the bill of exceptions appearing therein are" (sic) "hereby adopted and approved by me." The defendants have moved to dismiss the appeal on the ground that, as the bill of exceptions was not signed in time, there is nothing for us to review. The plaintiffs answer that the defendants by their agreement of May 21st are estopped from making the objection. The defendants reply that, before they made the agreement in question, the time for settling the bill of exceptions had already expired, and that in any event they never agreed to any extension, or waived the well-established rule of the federal court that a bill of exceptions requires the signature of the judge.

We need not go into this portion of the controversy, for the Supreme Court has expressly decided that, under circumstances such as that existing in the instant case, consent cannot give jurisdiction to the court to allow the bill. Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663. Our own decision in E. I. Dupont de Nemours & Co. v. Smith (C. C. A.) 249 F. 403, is therefore to be treated as overruled. In this case the earliest date on which the bill of exceptions was presented to the judge was

5 months after the end of the term at which the judgment was entered and more than 4½ months after the expiration of the latest extension of the time for settling such bill.

[3] It is perhaps worth while to note that the practice prevailing in some states, under which the bill of exceptions may be settled by the agreement of the parties without asking or securing the assent of the judge, does not exist in the federal courts. They may not consider such a bill, unless it is authenticated by a judicial signature. Origit v. United States, 125 U. S. 240, 243, 8 S. Ct. 846, 31 L. Ed. 743; Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163. It is true that some six months after the decision in the latter case was handed down, and doubtless in consequence of what was then said, Congress provided that, in the event of the death, sickness, or other disability of the trial judge, another judge might sign the bill, if he thought he could fairly do so. Section 1, Act June 5, 1900, 31 Stat. 270 (Comp. St. § 1590). This enactment, however, simply emphasizes the necessity for the signature of some judge.

It follows, from what has been said, that the so-called bill of exceptions cannot be considered by us, and, if it be stricken from our record, as it must be, there is no foundation for any of the assignments of error relied on.

Affirmed.