### KERNS v. UNITED STATES.
#### No. 5819.

Circuit Court of Appeals, Sixth Circuit.
June 16, 1931.

I. H. Polozker and Leonard S. Coyne, both of Detroit, Mich., for appellant.

Gregory H. Frederick, U. S. Atty., and George S. Fitzgerald, Asst. U. S. Atty., both of Detroit, Mich.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Appellant was convicted of conspiracy to violate the National Prohibition Act. The verdict was rendered and the sentence imposed on May 23, 1930. An appeal was immediately taken, citation being returnable on June 23, 1930. The record indicates a case of little complexity, occupying apparently two days upon the trial. The bill of exceptions devoted to the narrative form of the testimony occupies less than sixty pages.

[1] Pursuant to various extension orders the record was not filed in this court until December 10, after more than six months' delay. It is difficult to conceive that there could have been any sufficient reason why the record was not completed and filed within sixty days; and this situation invites that study of the record, on our own motion, which shows that while the time to make return to the appeal expired on June 23, there was no order purporting to enlarge that time until an order entered by the district judge on August 29. At that time an order of extension could be made only by this court, and the appeal is subject to dismissal for that reason.

After the case had been twice reached for argument and twice continued, a third request for continuance was denied, but we agreed to excuse counsel from oral argument and to accept typewritten briefs. The contention upon which appellant seems to have chiefly relied is that certain evidence was inadmissible, because secured by wire tapping. This question is fully covered by Olmstead v. United States, 277 U. S. 438, 466, 48 S. Ct. 564, 72 L. Ed. 944, 66 A. L. R. 376; and the complaint presents nothing of substance. Whether the testimony sufficiently identified Kerns as one of the persons talking was for the jury.

The brief also alleges an illegal search of appellant's garage. Appellant did not make, in advance of trial, any motion to suppress the evidence obtained by this search, and no reason appears excusing the failure to make such motion. The objection as to an illegal search was made upon the trial and overruled. Even if it were now open to consider the question, the illegality of the search does not so plainly appear as to indicate error in receiving the testimony at the time the objection was made. After the circumstances as to the examination of the car and the reasons for it were fully developed, no motion was made to strike out the testimony. There is nothing substantial upon which to base a claim of error.

Both because the record was not filed in time and because the objections presented are frivolous, the appeal is dismissed. Mandate will issue forthwith.