## OSBORN v. UNITED STATES.

### No. 3145.

Circuit Court of Appeals, Fourth Circuit.
June 17, 1931.

H. Woodward Winburn, of Greensboro, N. C. (R. H. McNeill, of Washington, D. C., J. F. Jordan, of Wilkesboro, N. C., and W. E. Miller, on the brief), for appellant.

E. L. Gavin, U. S. Atty., of Greensboro, N. C. (Arthur E. Tilley, Asst. U. S. Atty., of Mt. Airy, N. C., Hobart Morton, Asst. U. S. Atty., of Albemarle, N. C., T. C. Carter, Asst. U. S. Atty., of Burlington, N. C., and William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, and B. L. Guffy, Atty., U. S. Veterans' Bureau, both of Washington, D. C., on the brief), for appellee.

Before PARKER, Circuit Judge, and McCLINTIC and COCHRAN, District Judges.

ERNEST F. COCHRAN, District Judge.

The appellant brought an action against the United States on a contract of war risk term insurance. A trial in the District Court resulted in a judgment in favor of the United States, and he has appealed. During the course of the argument in this court, it appeared from an examination of the record that what purports to be the bill of exceptions has not been signed by the trial judge. It appears to have been merely filed, in reliance apparently upon the state practice.

The practice prevailing in some states, under which the bill of exceptions may be settled by the agreement of the parties without asking or securing the assent of the judge, does not exist in the federal courts. Goetzinger v. Woodley (C. C. A. 4th) 17 F.(2d) 83, 84. They may not consider such a bill unless it is authenticated by a judicial signature. Goetzinger v. Woodley, supra; Mussina v. Cavazos, 6 Wall. 355, 363, 18 L. Ed. 810; Origet v. U. S., 125 U. S. 240, 243, 8 S. Ct. 846, 31 L. Ed. 743; Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163. It is true that some six months after the decision in the last-cited case was handed down, and

doubtless in consequence of what was then said, Congress provided that, in the event of the death, sickness, or other disability of the trial judge, another judge might sign the bill, if he thought he could fairly do so (section 1, Act of June 5, 1900, 31 Stat. 270 [U. S. Code, title 28, § 776, 28 USCA § 776]); but, as was said by Judge Rose in Goetzinger v. Woodley, supra, page 84 of 17 F.(2d), this enactment simply emphasizes the necessity of signature by some judge.

The counsel for appellant who argued the case in this court and who was not of counsel until the record was lodged here, contends that, inasmuch as the attorney for the United States made no objection to the bill, he must be deemed to have assented to its correctness, and to have waived the signature of the judge. But consent cannot give jurisdiction to the court to allow the bill. Goetzinger v. Woodley, supra, page 83 of 17 F. (2d); Exporters of Manufacturers' Products, Inc., v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663. In Malony v. Adsit, supra, page 287 of 175 U. S., 20 S. Ct. 115, 44 L. Ed. 163, the Supreme Court said that it was not competent for parties by agreement to dispense with the signature of the judge. If the parties cannot by consent or express agreement dispense with this requirement, a fortiori it cannot be waived by conduct.

Appellant's counsel also argues that the court should not of its own motion strike the bill from the record. But Mussina v. Cavazos, supra, page 363 of 6 Wall., 18 L. Ed. 810, is directly in point on that proposition. There, after the case had been elaborately argued on the merits, it was discovered by the court that the bill of exceptions had not been signed by the trial judge, and, there being nothing showing that it had been submitted to him or had in any way received his sanction, the court held that it had no power to consider the bill.

Counsel further argues that the defect is a technical one, and that the court has the power in its discretion to consider the bill. But the defect is not a technical one, and this court has no discretion in the matter. It is important that records submitted to this court should be duly authenticated, and the requirements of law should be strictly complied with. In a recent case, the Supreme Court of the United States, after reciting the history of bills of exceptions, and the necessity of the signing thereof by the trial judge, as provided by the act of Congress, used the following language: "Strict requirements are thus insisted on so as to make certain that the reviewing court shall have before it an accurate account of the evidence or exhibits, which were before the trial court in the original hearing of the issues of the case, properly certified." Krauss Bros. v. Mellon, 276 U. S. 386, 390, 48 S. Ct. 358, 359, 72 L. Ed. 620.

It follows from what has been said that the so-called bill of exceptions cannot be considered by us, and, if it be stricken from the record, as it must be, there is no foundation for any of the assignments of error relied on.

But there is another defect fatal to the appeal. The record discloses that final judgment was entered in favor of the United States on August 8, 1930, and the petition for appeal was not presented to the trial judge, nor the appeal allowed, until November 26, 1930, more than three months after the entry of final judgment. The Act of Congress (U. S. Code, title 28, § 230 [28 USCA § 230]) provides that no appeal shall be allowed unless application therefor be duly made within three months after the entry of the judgment or decree. The requirements of this section are mandatory and jurisdictional, and not to be avoided by consent, waiver, or acquiescence, or even by an order of the court. Old Nick Williams Co. v. U. S., 215 U. S. 541, 30 S. Ct. 221, 54 L. Ed. 318; Vaughan v. American Ins. Co. (C. C. A. 5th) 15 F.(2d) 526, 527; Kiehn v. Dodge County (C. C. A. 8th) 19 F.(2d) 503, 504; Collins v. U. S. (C. C. A. 8th) 24 F.(2d) 823; Bremner v. Thomas (C. C. A.) 25 F.(2d) 301; N. W. Public Service Co. v. Pfeifer (C. C. A. 8th) 36 F.(2d) 5, 8; Robie v. Hart, Schaffner & Marx (C. C. A. 8th) 40 F.(2d) 871, 872.

Here also counsel contends that, inasmuch as the attorney for the United States has made no motion to dismiss, this court should not dismiss the appeal on its own motion. The cases above cited hold that this jurisdictional requirement cannot be avoided by consent, acquiescence, or waiver of the parties, or even by an order of the court. It is the duty of a federal appellate court in every case to examine its jurisdiction, whether such point has been raised or not. Bremner v. Thomas, supra, page 301 of 25 F.(2d) and cases there cited.

Counsel contends also that the appeal should be considered because the appellant gave notice of an appeal. There is nothing in the record to show that any such notice

was given, except in the supposed bill of exceptions, which contains this statement: "The plaintiff also notes for the purpose of the record an appeal to the Circuit Court of Appeals." When or how this notation was made does not appear. But inasmuch as the bill of exceptions is not signed by the judge, we cannot accept or consider the statements it contains. Aside from this, a notice of appeal is not sufficient. The Act of Congress (U. S. Code, title 28, § 230 [28 USCA § 230]) requires that an "application" must be made for the appeal. While courts may be rather liberal in construing that word, yet they are not at liberty to disregard its reasonable meaning, which in this usage necessarily carries the element of request. Robie v. Hart, Schaffner & Marx, supra, page 872 of 40 F.(2d). It is true that the Act of Congress of January 31, 1928, chap. 14, § 1, 45 Stat. 54 (U. S. Code Ann. title 28, § 861a), abolished writs of error and substituted an appeal, and section 2 thereof provided that the appeal might be taken by serving notice, etc., but section 2 of that act was amended by the Act of April 26, 1928, chap. 440, 45 Stat. 466 (U. S. Code Ann. title 28, § 861b), and the provisions for giving notice were omitted. The result is that under the act, as amended, appeals cannot be taken by notice, but there must be an application therefor in accordance with the rules governing appeals. Vaughan v. American Ins. Co., supra; N. W. Public Service Co. v. Pfeifer, supra; Robie v. Hart, Schaffner & Marx, supra.

The rules requiring the dismissal of this appeal are so well settled that it might well have been dismissed without discussion. We have, however, deemed it advisable to advert to these rules again, in the hope that the bar will understand that these jurisdictional requirements must be complied with.

For these reasons, the appeal herein must be, and the same is hereby, dismissed.