## NORBRIGA v. UNITED STATES.
### No. 2598.

Circuit Court of Appeals, First Circuit.
Jan. 14, 1932.

James H. Hagan, Jr., of Providence, R. I. (Daniel T. Hagan, of Providence, R. I., on the brief), for appellant.

Charles H. Eden, Asst. U. S. Atty., of Providence, R. I. (Henry M. Boss, Jr., U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

This is a libel brought by the United States in the District Court for the District of Rhode Island against Pedro de Norbriga to effect the forfeiture of certain property constituting a distillery equipment, together with a lot of land and dwelling house thereon and certain outbuildings, in one of which the still was located. An intervening petition was filed on behalf of one Thomas F. Marks who holds a mortgage upon said real estate for the amount of $2,500. The case was heard in the District Court upon an agreed statement of facts, the material portions of which are as follows:

On April 6, 1930, Deputy Prohibition Administrator John W. Morrill seized 170 gallons of distilled spirits, a 100-gallon still complete, a 25-gallon copper vat, pump and attachments, 3 three-burner gas stoves, and 74 barrels of mash on the following described land:

"That certain lot of land with all the buildings and improvements thereon, situated on the easterly side of High Street in the City of Central Falls, County of Providence and State of Rhode Island, and laid out and designated as lot numbered eighty-eight (88) on that plat entitled 'Samoset Plat, surveyed and drawn by J. E. Judson C. E. April 1914,' which said plat is on file with the land records of said Central Falls, reference thereto being had. Being a portion of the premises conveyed to Thomas F. Marks by deed from Aime Nault, dated May 4th, 1921, and recorded with said land records at Book No. 108 at page 355."

The owner of the real estate is Pedro de Norbriga, subject to a mortgage of $2,500 to one Thomas F. Marks. The mortgage was given for the purchase price, and was executed October 2, 1929. On this real estate there are two buildings, a dwelling house occupied by Norbriga, and a shed and garage in the rear in which the still was found. Neither the distiller's tax nor any other tax on the spirits distilled on these premises was ever paid to the government, and no notice of intention to commence or continue the business of a distiller was ever filed nor was a bond ever executed. When the federal agents entered the shed on the second floor where the still was located, they found a girl who gave her name as Louise Norbriga. The still was in operation. In the room in which the still was located the agents found a coat, in the pockets of which were gas and electric light bills and a poll tax bill made out in the name of Pedro de Norbriga, 969 High street, Central Falls, R. I. They also found some keys with an operator's license attached with the name of Norbriga on the license and on the tag of the key ring. One of the keys unlocked the door to the room where the still was located, and another key unlocked the back door of the house at 969 High street. The agents followed the gas pipe from the still, and found it connected with a pipe near the meter in the cellar under 969 High street. The pipe was so arranged that it could be attached and the gas used without going through the meter. When the agents first looked in the cellar, this pipe was connected, but shortly afterwards they found the pipe disconnected.

One Antonio Ferrerra admitted ownership of the still. He was arraigned before a commissioner April 11, 1930, waived examination, and gave bail on the charge of having on the 9th day of April, 1930, possessed articles and property designed and intended for the manufacture of liquor contrary to sections 3, 25, and 35 of Title 2 of the National Prohibition Act (27 USCA §§ 12, 39, 52). His case was presented to the grand jury, but no indictment was returned against him. An analysis of the mash and spirits showed the mash to contain 20.48 per cent. of alcohol by volume fit for distillation, and that the distilled spirits were moonshine fit for beverage purposes containing 51.3 per cent. of alcohol by volume.

It is also agreed that Thomas F. Marks, mortgagee, would testify that he had no knowledge that there was a distillery on the premises or that the premises were being used unlawfully until this action was brought.

The government seeks to forfeit the real estate under the provisions of Revised Statutes, § 3281. A decree of forfeiture of Norbriga's entire interest in the real estate was entered by the District Court June 30, 1931, under the provisions of section 3281. The interest of Marks, mortgagee, was not forfeited. From the decree of forfeiture, Norbriga appealed to this court.

The only assignment of error upon which the appellant relies is that "the court erred in decreeing forfeiture under the provisions of section 3281 of the Revised Statutes predicated upon the reasons stated in clause 5 of said libel."

Clause 5 in the libel reads as follows:

"That some person or persons to your libellant unknown were engaged in carrying on the business of a distiller with the knowledge, permission and connivance of the said Pedro de Norbriga on said above described premises and in certain buildings, yards and enclosures thereon situated, without filing a notice of intention or executing a bond in the manner described by the provisions of Section 3260 of the Revised Statutes of the United States aforesaid and without complying in other respects with the provisions of the aforesaid section by reason whereof the said distillery and distilling apparatus and all real estate and premises connected therewith, became forfeited to the United States, under the provisions of Section 3281 of the Revised Statutes."

The sole question argued is whether or not the court erred in forfeiting Norbriga's interest in the realty under the provisions of sec-

tion 3281 of the Revised Statutes when, as the appellant claims, the prosecution originally instituted was for the violation of sections 3, 25, and 35 of Title 2 of the National Prohibition Act (27 USCA §§ 12, 39, 52). It is contended that the government should have sought its remedy against the offending property under the statutory provisions under which it had originally proceeded, and that because Antonio Ferrarra, who admitted, ownership of the still, was arraigned before a United States commissioner for violation of the National Prohibition Act, the government is thereby precluded from proceeding under any other law for the forfeiture of the real estate. It is also contended that, if forfeiture was proper, there was no necessity to forfeit any more of the realty than had actually offended, that is, the building in which the still was located, and that it was error to forfeit the entire premises, including the dwelling house in which the appellant lived.

Rev. St. § 3281 (26 USCA § 306) provides as follows: "Any person who shall carry on the business of a distiller without having given bond as required by law, or who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or any part thereof, shall * * * be fined * * * and imprisoned. * * * And all distilled spirits or wines, and all stills or other apparatus, fit or intending to be used for the distillation of spirits, or for the compounding of liquors, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or in any building, room, yard, or inclosures connected therewith, and used with or constituting a part of the premises; and all the right, title, and interest of such person in the lot or tract of land on which such distillery is situated, and all right, title, and interest therein of every person who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same; and all personal property owned by or in possession of any person who has permitted or suffered any building, yard, or inclosure, or any part thereof, to be used for purposes of ingress or egress to or from such distillery which shall be found in any such building, yard, or inclosure, and all the right, title, and interest of every person in any premises used for ingress or egress to or from such distillery, who has knowingly suffered or permitted such premises to be used for such ingress or egress, shall be forfeited to the United States."

The foregoing statute and other analogous statutes regulating the manufacture and taxation of intoxicating liquors have long been a part of the federal internal revenue legislation. Authorities are not lacking wherein they have been interpreted by the Supreme and other federal courts. United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555; Dobbins's Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637; Henderson's Distilled Spirits, 14 Wall. 44, 20 L. Ed. 815; Thacher's Distilled Spirits, 103 U. S. 679, 26 L. Ed. 535.

Revised Statutes § 3281, passed February 8, 1875 (18 Stat. 310 [26 USCA § 306]), with amendments, continued in force until the passage of the National Prohibition Act October 28, 1919.

Title 2, section 35, of the National Prohibition Act (27 USCA § 52), enacted that "all provisions of law that are inconsistent with this chapter are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as addition to existing laws."

In the case of United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, it was held that the provisions of the National Prohibition Acts were inconsistent with section 3281 of the Revised Statutes, and that it was therefore repealed. Sanford v. United States (C. C. A.) 274 F. 369; Ketchum v. United States (C. C. A.) 270 F. 416; Gray v. United States (C. C. A.) 276 F. 395; Skilken v. United States (C. C. A.) 293 F. 923.

Since the decision in the Yuginovich Case, an act supplemental to the National Prohibition Act (42 Stat. 222, 223), known as the Willis-Campbell Act, section 5 (27 USCA § 3) of which provides that "all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and non-beverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this Act. But if any Act is a violation of any of such laws and also of the National Prohibition Act or of this Act, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other."

In the case of United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 199, 67 L. Ed. 358, Mr. Justice Holmes, referring to the Act of

149

November 23, 1921, says: "The decision in United States v. Yuginovich must stand for the law before November 23, 1921. * * * But the Supplemental Act that we have quoted puts a new face upon later dealings. From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms. The form of words is not material when Congress manifests its will that certain rules shall govern henceforth. Swigart v. Baker, 229 U. S. 187, 198, 33 S. Ct. 645, 57 L. Ed. 1143." United States v. One Ford Coupe, 272 U. S. 321, 329, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; United States v. Various Items of Personal Property (C. C. A.) 40 F.(2d) 422, 424.

The last case cited was reviewed by the United States Supreme Court upon certiorari. Various Items of Personal Property, 282 U. S. 577, 51 S. Ct. 282, 284, 75 L. Ed. 558. That was a proceeding, under Rev. St. §§ 3257 and 3281 (26 USCA §§ 261, 306), to forfeit a distillery, warehouse, and denaturing plant of the Waterloo Distilling Corporation on the ground that the corporation had conducted its distilling business upon the premises with intent to defraud, and had defrauded, the government of the tax on the spirits distilled, in consequence of which the premises had become forfeitable to the government. Mr. Justice Sutherland says: "A forfeiture proceeding under Rev. St. § 3257 or § 3281 is in rem. It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted and punished. The forfeiture is no part of the punishment for the criminal offense. Origet v. United States, 125 U. S. 240, 245–247, 8 S. Ct. 846, 31 L. Ed. 743. The provision of the Fifth Amendment to the Constitution in respect of double jeopardy does not apply."

In the case of United States v. Ryan, 52 S. Ct. 65, 68, 76 L. Ed. —— (Supreme Court, November 23, 1921), which was a proceeding for forfeiture of personal property under Rev. St. § 3453 (26 USCA § 1185), an analogous statute, Mr. Justice Stone says: "Respondent's objection that forfeiture under Rev. St. § 3453 (26 USCA § 1185) is barred by the arrest and prosecution of the offender under the National Prohibition Act is without force. It is true that by the express command of section 26 of title 2 of the National Prohibition Act

(27 USCA § 40), in all cases of arrest for transportation of intoxicating liquors, the transporting vehicle must be seized and proceedings for its forfeiture had under that section and not under Rev. St. § 3450 (26 USCA §§ 1181, 1182)." Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081.

It must be evident from a study of the cited cases that the provisions of R. S. § 3281, are still in force, notwithstanding the provisions of the National Prohibition Act and that proceedings for forfeiture of appellant's real estate are authorized under section 3281, which provides that "all the right, title, and interest of such person in the lot or tract of land on which such distillery is situated, and all right, title, and interest therein of every person who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same; * * * shall be forfeited to the United States."

The appellant seems to rely on the Richbourg Case, supra, but we can see no connection between the facts in that case and the facts in this case. The Richbourg Case applied to transportation under section 26, title 2 of the National Prohibition Act (27 USCA § 40). In this case there was no transportation. In that case the guilty person had been arrested for the illegal transportation of intoxicating liquor. In the instant case Norbriga has never been prosecuted for any offense.

Counsel for the appellant say that it would seem "that even if forfeiture were proper in the circumstances there was no necessity nor any need for the Government to forfeit any more of the realty than had actually offended." But the language of section 3281 is that "all the right, title, and interest of such person in the lot or tract of land on which such distillery is situated * * * shall be forfeited."

From the description of the premises, it is evident that the barn in which the still was found, garage and dwelling house were all located on a single lot of land designated as "Lot numbered eighty-eight (88) on that plat entitled 'Samoset Plat.'" The gas pipe that supplied gas for the still was connected with the gas pipe in the cellar of the dwelling house. As constructed, the still could not be operated without this house connection. The decree of the District Court properly included the entire lot with the barn, garage, and dwelling house thereon.

Under section 3281, the rights of innocent persons are preserved. So far as it appears, Marks, the mortgagee, was innocent of any complicity in the operations of the distillery. His rights under the mortgage in the amount of $2,500 were not included in the forfeiture.

We find no errors in the decree of the District Court, and it is affirmed.

The decree of the District Court is affirmed.