## PARKER v. UNITED STATES.

### No. 3415.

Circuit Court of Appeals, Fourth Circuit.

Jan. 31, 1933.

Wade H. Phillips, of Lexington, N. C. (John C. Bower, of Lexington, N. C., on the brief), for appellant.

Thomas C. Carter, Asst. U. S. Atty., of Burlington, N. C. (John R. McCrary, U. S. Atty., of Greensboro, N. C., Garrett Hobart Morton, Asst. U. S. Atty., of Albemarle, N. C., Davis G. Arnold and Wilbur C. Pickett, both of Washington, D. C., and J. D. De Ramus, of Charlotte, N. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### PER CURIAM.

This is an appeal in a war risk insurance case where verdict was directed for the government, and the only question raised by the appeal is whether verdict should have been so directed. It appears, however, that the bill of exceptions was not allowed and signed by the trial judge during the term at which the trial was had, or within the extension of the term granted for that purpose; and we are not at liberty to consider it. Baltimore & O. R. Co. v. Baker (C. C. A. 4th) 58 F.(2d) 627; Osborn v. U. S. (C. C. A. 4th) 50 F.(2d) 712; Goetzinger v. Woodley (C. C. A. 4th) 17 F.(2d) 83; Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163.

We think it not improper to say, however, that we have carefully read the evidence contained in the bill of exceptions sent up with the record, and we think that the action of the court in directing verdict for the government was correct. The evidence shows that shortly after plaintiff was discharged from the army he worked as traveling salesman for five or six months, earning $50 per month, or more, above his expenses. He then secured a position as clerk in a hotel where he drew a salary of $60 per month until elected register of deeds of his county in 1922. He held the position of register of deeds for more than two years, receiving a salary of more than $200 per month during this period. In 1926 he secured a position as guard in the state penitentiary at a salary of $45 per month, with room and board, and held this position for a

1056

year. In 1930 he was again given a position as clerk in a hotel at $60 per month and was holding this position at the time of the trial below. While plaintiff was partially disabled as the result of the loss of his arm, it cannot be said in the light of this evidence that he was totally and permanently disabled within the meaning of the war risk insurance policy. U. S. v. Harrison (C. C. A. 4th) 49 F. (2d) 227; U. S. v. Thomas (C. C. A. 4th) 53 F.(2d) 192; Long v. U. S. (C. C. A. 4th) 59 F.(2d) 602; U. S. v. Diehl (C. C. A. 4th) 62 F.(2d) 343.

The judgment below will be affirmed.

Affirmed.