## HARRIS v. UNITED STATES.
### No. 3563.

Circuit Court of Appeals, Fourth Circuit.
Oct. 2, 1934.

For former opinion, see 70 F.(2d) 897.

R. H. McNeill, of Washington, D. C. (McNeill & McNeill, of Washington, D. C., and J. E. Carpenter, of Maxton, N. C., on the brief), for appellants.

W. H. Fisher, U. S. Atty., of Clinton, N. C.

Before PARKER and NORTHCOTT, Circuit Judges, and WILLIAM C. COLEMAN, District Judge.

PER CURIAM.

This case was decided May 2, 1934, see (C. C. A.) 70 F.(2d) 897. A petition for rehearing was denied at the June term of this court. A motion has been filed asking reconsideration of the denial of rehearing, on the assumption that this court has some discretion with respect to considering matters contained in a proposed bill of exceptions which has not been signed by the judge below. We have no such discretion. Unless a bill of exceptions is signed by the trial judge and thus made a part of the record proper, we have no power to consider it. Goetzinger v. Woodley (C. C. A. 4th) 17 F.(2d) 83, 84; U. S. v. Konstovich (C. C. A. 4th) 17 F.(2d) 84; Norwood v. U. S. (C. C. A. 4th) 18 F.(2d) 577; Osborn v. U. S. (C. C. A. 4th) 50 F.(2d) 712; Parker v. U. S. (C. C. A. 4th) 62 F.(2d) 1055 Origet v. U. S., 125 U. S. 240, 243, 8 S. Ct. 846, 31 L. Ed. 743; Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163. And the judge has no power to sign or allow a bill of exceptions after the expiration of the term at which the case is tried, or where the term is extended, after the expiration of such extended period. Exporters of Manufacturers' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; Goetzinger v. Woodley, supra; Osborn v. U. S., supra. And, where the time has expired, we have no power to direct or authorize the judge to allow the bill. Baltimore & O. R. Co. v. Baker (C. C. A. 4th) 58 F.(2d) 627. Nor can we accept the suggestion that we consider as part of the record proper the letters and other documents introduced in evidence on the trial and marked as exhibits. These are in no sense a part of the record proper, and can only be made such by being properly incorporated in a bill of exceptions allowed and signed by the judge. 4 C. J. 112; 2 R. C. L. 128.

We think it not improper to say, however, that, if we had power to consider the proposed bill of exceptions which the judge did not sign, we find nothing therein indicating that there was any error in directing a verdict for the government on the issue of the statute of limitations. Appellant admits that her action was barred by the statute unless there is added to the period during which her claim was being considered by the Veterans' Bureau the sixty days allowed for appeal to the Administrator from the rejection of a claim by the Insurance Claims Council. The statute suspends the running of limitations only during the period "elapsing between the filing in the Bureau of the claim sued upon, and the denial of said claim by the Director." Her claim was duly denied by the Director on January 4, 1932, with notice that she could consider such denial final for the purpose of instituting suit. She had the right to appeal to the Administrator within sixty days of the receipt of notice, but did not exercise that right. Had she done so, the matter would have continued to pend in the department, and there would have been no final denial until the Administrator acted on the appeal. Hansen v. U. S. (C. C. A. 7th) 67 F.(2d) 613; Andy Anderson v. U. S. (D. C.) 5 F.Supp. 269. As such appeal was not taken, there was nothing to annul the final effect of the denial of January 4th.

The effect on the running of the statute of the right to appeal to the Administrator is analogous to the effect, on the running of the time allowed for appeal from a judgment, of the right to move for a new trial during the term at which the judgment was rendered. If a motion for new trial is seasonably made and is considered by the judge, the time limited for appeal from the judgment entered does not begin running until the motion is denied. But the right to make such motion at any time during the term does not prevent the time running if no motion is in fact made, or if it is made after the right to appeal is barred. See Morse v. U. S., 270 U. S. 151, 46 S. Ct. 241, 70 L. Ed. 518; McIntosh v. U. S. (C. C. A. 4th) 70 F.(2d) 507; Chicago M. & St. P. R. Co. v. Leverentz (C. C. A. 8th) 19 F.(2d) 915. In other words, the time for taking an appeal runs from the entering of the judgment, if no motion for a new trial is seasonably made and considered, even though appellant has the right at any time during the term and within three months of the entering of the judgment to make the motion, which, if made, would toll the statute and set it running anew. So we think that, here, the statute began running when the Director denied the claim on January 4th, even though that denial might have been annulled and the running of the statute tolled if an appeal had been taken.

Rehearing denied.