## BEAUMONT, ASSIGNEE OF BORCK, *v.* PRIETO ET AL., ADMINISTRATORS OF LEGARDA, ET AL. :

APPEAL FROM AND ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 303. Argued April 17, 1919.—Decided May 5, 1919.

In the interest of justice the court may decline to dismiss a case upon the ground that the writ of error and citation were not made returnable in time, where the irregularity had color of authority from the court below and one of its judges. P. 555.

An offer to sell real property, in the form of an option allowing three months in which to buy at a certain price, is not accepted by an offer to purchase at that price, conditioned to be paid on a date specified (beyond the three months) or "before and with delivery" of clear title. *Id.*

The opportunity to accept a continuing offer is lost by making a counter offer. P. 556.

The court will not disturb a decision of the Supreme Court of the Philippines on a local question of contract, unless clearly wrong. *Id.*

Affirmed.

THE case is stated in the opinion.

*Mr. Joseph D. Sullivan,* with whom *Mr. T. T. Ansberry* and *Mr. Thos. D. Aitken* were on the brief, for appellant and plaintiff in error.

*Mr. Alex. Britton,* with whom *Mr. Evans Browne, Mr. H. W. Van Dyke* and *Mr. Charles C. Cohn* were on the briefs, for appellees and defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit for the specific performance of an alleged contract to sell land. The court of first instance made a

decree for the plaintiff, but the decree was reversed by the Supreme Court of the Philippine Islands and the defendants were absolved from the complaint. There is a motion to dismiss, on the ground that the writ of error and citation were not made returnable in time. But without going into particulars, as the appellant had color of authority from the court and a judge of that court, it appears to us that justice will be better served by dealing with the merits of the case. See *Southern Pine Co.* v. *Ward,* 208 U. S. 126, 137.

On the merits the only question is whether the alleged contract was made. The first material step was the following offer, dated December 4, 1911: "Mr. W. Borck, Real Estate Agent, Manila, P. I. Sir: In compliance with your request I herewith give you an option for three months to buy the property of Mr. Benito Legarda, known as the Nagtahan hacienda, situated in the district of Sampaloc, Manila, and consisting of about 1,993,000 square meters of land, for the price of its assessed government valuation. B. Valdes." There is no dispute that the assessed government valuation was 307,000 pesos, that Legarda owned the land and that Valdes had power to make the offer. On January 17, 1912, Borck wrote to Valdes: "In reference to our negotiations regarding" the property in question, "I offer to purchase said property for the sum of three hundred and seven thousand (307,000.00) pesos, Ph. C., cash, net to you, payable the first day of May, 1912, or before and with delivery of a torrens title free of all encumbrances as taxes and other debts." There was dispute about the admissibility of this letter and its being signed, but we see no occasion to disturb the opinion of the Supreme Court that it was a part of the transaction and was admissible. No answer was received, and on January 19 Borck wrote again, saying that he was ready to purchase the property at the price and that full payment would be made on or before

March 3, provided all documents in connection with the hacienda were immediately placed at his disposal and found in good order. On January 23, Borck wrote again that he could improve the condition of payment and would pay ten days after the documents had been put at his disposal for inspection, &c., and finally, on February 28, wrote that the price was ready to be paid over and requesting notice when it was convenient to allow inspection of all papers. Before this last letter was written Valdes had indicated that he regarded compliance as an open question by saying in conversation that he wished to communicate with Mr. Legarda. Subsequently conveyance was refused.

The letter of January 17 plainly departed from the terms of the offer as to the time of payment and was, as it was expressed to be, a counter offer. In the language of a similar English case, "plaintiff made an offer of his own . . . and he thereby rejected the offer previously made by the defendant. . . . It was not afterwards competent for him to revive the proposal of the defendant, by tendering an acceptance of it." *Hyde* v. *Wrench,* 3 Beavan, 334. Langdell, Cont., § 18. We do not find it necessary to go into the discussion of the later communications, which led the Supreme Court to the conclusion that they also would not have been sufficient. The right to hold the defendant to the proposed terms by a word of assent was gone, and after that all that the plaintiff could do was to make an offer in his turn. It would need a very much stronger case than this to induce us to reverse the decision of the court below. *Cardona* v. *Quiñones,* 240 U. S. 83, 88.

*Judgment affirmed.*