### HARRIS v. MORELAND MOTOR TRUCK CO. et al.

(Circuit Court of Appeals, Ninth Circuit. November 14, 1921.)

No. 3759.

1. **Appeal and error ⨌⇒554(2)—Failure to file bill of exceptions not ground for dismissing writ of error.**

That there is no bill of exceptions in the record is not ground for dismissing an appeal or writ of error, since there may be questions to be decided not dependent upon a bill of exceptions, so that a writ of error will not be dismissed, because the time within which to file a bill of exceptions had expired without any being filed.

2. **Appeal and error ⨌⇒432—Rule fixing time for docketing in appellate court is not mandatory.**

The rule that a cause must be docketed in the appellate court within the time limited by the citation is directory, and not mandatory, and can be relaxed by the courts in the interest of justice; Circuit Court of Appeals, Ninth Circuit, rule 16 (208 Fed. ix), recognizing the power of the court to reinstate a cause that has been docketed and dismissed.

3. **Appeal and error ⨌⇒644(1)—Objection record was not docketed on return day held waived.**

The objection that the record was not filed and docketed on the return day may be waived by the defendants in error, and was waived by their failure to make that objection a ground of their motion to dismiss the writ of error.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Action at law by Charles L. Harris, trustee in bankruptcy of the Davis Transit Company, against the Moreland Motor Truck Company and others. Judgment for defendants, and plaintiff brings error. On motion to dismiss the writ of error. Motion denied.

See, also, 279 Fed. 543.

John E. Bennett, of San Francisco, Cal., for plaintiff in error.

Bert Schlesinger, of San Francisco, Cal., Foley & King, of San Jose, Cal., and S. C. Wright, of San Francisco, Cal., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The defendants in error filed in this court a certificate of the clerk in the court below stating the case and certifying that a writ of error had been duly sued out and allowed. They docketed the case in this court, and paid the fees therefor, and filed herein their motion to dismiss the writ of error, and duly served the same on counsel for the plaintiff in error.

[1] The motion to dismiss so filed is not based on the failure of the plaintiff in error to file the transcript within the time allowed by law, but is based wholly on the ground that, at the time when the bill of exceptions was allowed, the trial court had lost jurisdiction to allow the same. That there is no bill of exceptions in the record is not ground· for dismissing an appeal or writ of error. There may still be questions

in a case, not dependent upon a bill of exceptions, which may call for the judgment of an appellate court.

[2] The certificate of the clerk of the court below shows that on July 14, 1921, the plaintiff in error was allowed a writ of error which was issued, and that on the same day he filed assignments of error and bond for costs, and that citation issued. The record further shows that on September 23, 1921, an order was made by one of the judges of this court extending until October 23, 1921, the time to docket the cause in this court. The order recites that "good cause" appeared therefor. On the argument of the motion to dismiss the defendants in error contended that the motion should be allowed for the reason that on September 23, 1921, when the order was made extending the time to docket the case, the time to docket the same had already expired, and that the judge who signed the order had no jurisdiction to extend the time. The rule that a cause must be docketed in the appellate court within the time limited by the citation has generally been held directory, and not mandatory, and the courts have in numerous instances and under varying circumstances relaxed the rule in the interests of justice. The decisions are reviewed in Freeman v. United States, 227 Fed. 732, 142 C. C. A. 256. Rule 16 (208 Fed. ix, 124 C. C. A. ix) recognizes the power of this court to reinstate a case that has been docketed and dismissed. What the nature of the showing was upon which the order extending the time to file and docket the case in this court was based does not appear from the brief record which is before us. In Beaumont v. Prieto, 249 U. S. 554, 39 Sup. Ct. 383, 63 L. Ed. 770, it was held that in the interests of justice a court may decline to dismiss a case upon the ground that the writ of error and citation were not made returnable in time, where the irregularity had color of authority from the court below and one of its judges. We are inclined to the opinion that a similar view should be taken of the present case.

[3] Again, the objection that the record was not filed and docketed upon the return day is one that may be waived by the defendants in error, and we think that their failure to include that ground of dismissal in their written and filed motion to dismiss should be regarded as a waiver thereof.

We deny the motion to dismiss.