HENRY D. GALBRAITH, Plaintiff, v. BUFFALO VEGETABLE MARKETING COMPANY, INCORPORATED, Defendant.

Supreme Court, Livingston County, October 11, 1926.

Vendor and purchaser — action by vendor for breach of land contract — purchaser accepted option contained in lease — purchaser had no right to rescind acceptance within original period of option — acceptance changed option into contract of purchase — defendant's contention that whole purchase price had to be paid before acceptance was effected is not good.

A valid contract for the purchase of land by the defendant was entered into by the parties, since it appears that a lease given to the defendant by the plaintiff gave the option to purchase the property at any time within a period of thirteen months; that the option clause provided for the payment down of $1,008 in cash on or before September 1, 1925; and that on that date the

defendant sent to the plaintiff a communication inclosing a check for $1,000 stating that it elected to exercise its option to purchase.

The attempt by the defendant thereafter and within the original period of the option to rescind the acceptance was ineffective, for as soon as the defendant accepted the option a binding contract arose and, therefore, it is liable in damages for its refusal to complete the contract of purchase.

A provision in the lease containing the option that the plaintiff should make its election and pay down $1,000 on or before September 1, 1925, to permit abstracts to be redated, surveys made and arrangements made for the payment of existing incumbrances did not require the defendant to pay the whole purchase price before the acceptance of the option would be binding on it.

Motion by the defendant for a new trial.

*Scott W. Crane* [*Edwards P. Ward* of counsel], for the plaintiff.

*Van Arsdale, Hofheins & Vandermeulen* [*Walter F. Hofheins* of counsel], for the defendant.

Cunningham, J. The plaintiff has recovered a verdict against the defendant for damages for breach of a contract to purchase certain lands owned by the plaintiff.

The defendant leased from the plaintiff lands in Livingston county for a term of one year from the 1st day of November, 1924. The lease was dated October 2, 1924, and contained provisions giving the defendant an option for a period of thirteen months to purchase the leased lands and provided that " This option is granted on the express understanding that time is the essence of this contract; that first parties must be notified, in writing, of second party's election to purchase under the terms of this option and be paid the One Thousand Dollars ($1,000) in cash, on or before September 1st, 1925, to permit abstracts to be redated, surveys to be made and arrangements made for the payment of existing encumbrances." Then follows a clause reading: " This option is granted on an expressly limited period of thirteen months time."

On September 1, 1925, the defendant sent to the plaintiff a communication inclosing a check for $1,000, stating: " We hereby elect to exercise our option of purchase." About a month later the defendant notified the plaintiff that it did not intend to purchase the lands and requested the return of the $1,000. The defendant, at that time, undoubtedly thought that as the option ran for thirteen months it might, during that time, revoke its acceptance.

The option gave the defendant the right to choose between purchasing and not purchasing, but an election once made, even though made before the time when the option terminates, is final and binding and may not thereafter be rescinded. (*Hamilton*

*College* v. *Roberts,* 223 N. Y. 56; *Castle Creek Water Co.* v. *City of Aspen,* 146 Fed. 8; *Clark* v. *Kirby,* 243 N. Y. 295.)

It makes no difference how long the option is to continue; if the optionee accept before the date of expiration thereof the option then ceases to exist and is converted into a contract. The optionee may not be heard to complain because he has, by his own act, shortened the time. His election to purchase is irrevocable.

The defendant raises a further question that under the terms of the option the acceptance was not fully completed until the whole purchase price had been paid.

I believe it to have been the intention of the parties that a contract of sale and purchase should be made before steps were taken to prepare the survey and deed. The lease provides that the election to purchase must be made and $1,000 in cash paid on or before September 1, 1925, " to permit abstracts to be redated, surveys made and arrangements made for the payment of existing encumbrances." It is hardly probable that a person would make arrangements to pay off mortgages unless he had a definite contract for the sale of the lands. To notify mortgagees that their money would be paid at a certain time and then fail to do so might result in the commencement of foreclosure actions.

It seems to me that it was the design of the parties, as expressed in the instrument, that a final choice should be made by the defendant as to whether it would or would not purchase the lands and that if it did decide to purchase them it was bound by such election.

The contract was complete when the defendant notified the plaintiff that it had decided to purchase under the terms of the option and made the payment of $1,000. The redating of the abstract, the survey of the premises, the clearing of the land from incumbrances, the payment of the purchase price and the delivery of the deed were not acts required to be done ˙prior to the exercise of the right to buy, but were provisions of the contract created by the defendant's acceptance of the option and were necessary steps in the performance of such contract.

This litigation undoubtedly was caused by the uncertainty as to the duration of the option. But ˙it is not necessary to decide whether the defendant was required to exercise its right of election to purchase on or before September 1, 1925, or whether such right continued until November 2, 1925, the expiration of the full thirteen months specified in the option. The defendant did decide to purchase on September 1, 1925, and thus terminated the option. If the acceptance had been at a later date the time of the termination of the option would have to be determined, but that question is not presented in this case.

**82** Johnston *v.* Atlantic Coast Line R. R. Co. (Nos. 1–3.)

Supreme Court, October, 1926. [Vol. 128

I am satisfied that there was a contract between the parties for the sale and purchase of the lands in question, with mutual rights and obligations, and that the defendant is liable in damages for the breach of such contract.

The motion for a new trial is denied, with ten dollars costs.