**SPRAGUE v. CHICAGO, B. & Q. R. CO.**

(Circuit Court of Appeals, Eighth Circuit. January 31, 1927.)

No. 7288.

1. **Courts** ☞405(14)—**Judgment from which writ of error was not sued out for more than one year is not reviewable (U. S. Comp. St. § 1647).**

Under U. S. Comp. St. § 1647, requiring appeal or writ of error to be taken within six months after decree, Circuit Court of Appeals is without jurisdiction to review judgment from which writ of error was not sued out for more than one year.

2. **Appeal and error** ☞353—**Time for taking appeal or writ of error, provided by statute, cannot be extended by order of court.**

Time provided by statute in which an appeal may be taken or writ of error sued out after entry of judgment cannot be extended by order of court.

3. **Courts** ☞405(14)—**Court reporter's inability to deliver transcript held insufficient to excuse delay in suing out writ of error from Circuit Court of Appeals (U. S. Comp. St. § 1647).**

Inability of court reporter to deliver transcript of record until expiration of almost one year after trial of case *held* insufficient to excuse delay in suing out writ of error from Circuit Court of Appeals for longer than time permitted under U. S. Comp. St. § 1647, since pendency of settlement of bill of exceptions is no legal reason why issuance of writ should not precede settlement of bill.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Arthur W. Sprague against the Chicago, Burlington & Quincy Railroad Company. Judgment for defendant, and plaintiff brings error. On motion to dismiss writ of error. Motion sustained.

M. F. Harrington, of Omaha, Neb., for plaintiff in error.

Jesse L. Root, of Omaha, Neb. (Byron Clark and J. W. Weingarten, both of Omaha, Neb., and E. D. Crites, of Chadron, Neb., on the brief), for defendant in error.

Before KENYON and BOOTH, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge. This action was instituted for the recovery of damages for injuries received by plaintiff while a passenger on one of defendant's trains. Upon the conclusion of the trial of the case, the trial judge directed a verdict in favor of the plaintiff for nominal damages. Plaintiff was granted 42 days in which to prepare and file a motion for a new trial, but the record does not contain any such motion, and fails to disclose that any such motion was filed or passed upon by the trial court. It should be observed that the case was tried on the 9th day of September, 1924, that the bill of exceptions was settled and allowed on the 1st day of October, 1925, and that the order allowing the writ of error was signed on the 26th day of October, 1925, more than one year subsequent to the rendering of the verdict and the entry of the judgment in the cause. An order was entered by the trial court extending the time in which to prepare and file a bill of exceptions in the case, to October 1, 1925, and the time in which to file the record in the United States Circuit Court of Appeals was by the trial court extended to November 1, 1925.

Defendant has interposed a motion to dismiss the writ of error, and we are of the opinion that the motion should be sustained. United States Comp. Stats., 1916, § 1647, provides: "No appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Court of Appeals under the provisions of this act, shall be taken or sued out except within six months after the entry of decree sought to be reviewed."

[1, 2] As the writ of error in the instant case was not sued out within six months after the entry of the judgment in the case, it is obvious from the provisions of the above statute that this court is without jurisdiction to review the judgment of the trial court. Congress has expressly limited the time in which a writ of error on appeal may be sued out, and it is well settled that the time provided by statute in which an appeal may be taken or a writ of error sued out, after the entry of judgment, cannot be extended by order of the court. Boatmen's Bank v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 2 F.(2d) 972; General Motors Acceptance Corporation v. Lawrence (C. C. A.) 9 F.(2d) 64.

[3] It is urged by plaintiff in error in excuse of the delay in securing the writ of error that the court reporter of the trial court was so occupied with the business of the court that he, the reporter, was unable to make and deliver a transcript of the record until the expiration of about a year after the trial of the case. An affidavit of the court reporter has been filed in the cause in support of the excuse. We are of the opinion that this is not sufficient to excuse the delay, which has become fatal to the appeal of plaintiff. The mere pendency of the settlement of the bill of exceptions is no legal reason why issuance of the writ should not precede settlement of the bill. Camden Iron Works Co. v. Sater, District Judge (C. C. A.) 223 F. 611.

The motion to dismiss the writ of error should be sustained. It is so ordered.