KIEHN et al. v. DODGE COUNTY et al.

HARMER et al. v. SAME.

Circuit Court of Appeals, Eighth Circuit.
April 18, 1927.

Nos. 7574, 7575.

1. Appeal and error ⊕⇒80(3)—Retention of jurisdiction to enforce contribution or prorate proceeds of collateral does not prevent decree from being final as respects review.

Judgment is not prevented from being final as respects review, because jurisdiction is retained to prorate proceeds of collateral and enforce contribution between cosureties.

2. Appeal and error ⊕⇒76(1)—Judgment held not prevented from being final as respects review by order staying execution to permit motion for new trial and presentation of bill of exceptions.

An order for stay of execution to enable defendants to prepare and present bill of exceptions and move for new trial does not prevent the judgment from being final for purposes of review.

3. Appeal and error ⊕⇒356—Where application is not within three months, writs of error will be dismissed (Comp. St. § 1126b).

Writs of error will be dismissed, where not applied for within three months after final judgment, as required by Act Feb. 13, 1925, § 8 (c), being Comp. St. § 1126b.

In Error to the District Court of the United States for the District of Minnesota; Joseph W. Molyneaux, Judge.

Separate actions at law by the County of Dodge and others against Charles Kiehn and others and against William M. Harmer and others. Judgments for plaintiffs, and defendants bring error. Writs of error dismissed.

John F. D. Meighen, of Albert Lea, Minn. (J. J. McCaughery, of Kasson, Minn., and Meighen, Knudson & Sturtz, of Albert Lea, Minn., on the brief), for plaintiffs in error.

F. G. Sasse, of Austin, Minn. (John Swendiman, Jr., of Dodge Center, Minn., on the brief), for defendants in error.

Rhodes E. Cave, of St. Louis, Mo., for Federal Surety Company.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. These are separate writs of error from judgments favoring the county of Dodge (Minnesota) in two actions on bonds given to secure payment of county moneys deposited in two banks which failed while having such moneys in their custody.

A motion has been filed in each case to dismiss the writ of error because not taken

within 3 months after entry of the judgment upon which it is based. These judgments were entered on November 28, 1925. Therefore, they were subject to the Act of February 13, 1925 (43 Stat. 936, 940, § 8c [Comp. St. § 1126b]), which is that no writ of error shall be allowed "unless application therefor be duly made within three months after the entry of such judgment." The applications for these writs were made on May 11, 1926, 5 months and 13 days after the entry of the judgments. The above statute is jurisdictional.

Plaintiffs in error contend that this was not a final judgment as of November 28, 1925, for two reasons: (1) That jurisdiction was expressly retained by the trial court as to certain matters which prevented the judgment being complete and final; and (2) that there were successive suspension orders which tolled the judgment beyond that date and within three months of the application for the writ.

[1] 1. If plaintiffs in error are right as to this first contention, the writs of error should be dismissed because appeals to this court must be from final judgments and decrees except for certain statutory exceptions which do not include this action. The court stated his findings of fact and conclusions of law. Among the latter were the following:

"That the plaintiff is entitled to judgment herein against the impleaded defendant and each of them in the sum of twenty-one thousand nine hundred twenty-nine and 40/100 dollars ($21,929.40), with interest thereon at the rate of 6 per cent. per annum from and after December 4, 1924, and the plaintiff is entitled to judgment against the defendant herein, in the sum of twenty thousand dollars ($20,000.00), with interest thereon at 6 per cent. per annum from and after December 4, 1924.

"It is further ordered that this court retain jurisdiction of this action for the purpose of making its further orders herein for contribution among the cosureties and for prorating the proceeds of any collateral held by one or more of the cosureties. Let judgment be entered accordingly."

Plaintiffs in error urge that the above retention of jurisdiction prevented these judgments being final. This was no part of the judgments. Thereafter, the judgments were entered and are as follows:

"Therefore, by reason of the premises aforesaid, it is now by the court considered, ordered and adjudged that the plaintiff, the said county of Dodge, do have and recover of and from said impleaded defendants and each of them the sum of twenty-three thou-sand two hundred twenty-three and 23/100 dollars ($23,223.23), and that said county of Dodge do have and recover of and from the said defendant, Federal Surety Company, a corporation, the sum of twenty-one thousand one hundred eighty and no/100 dollars ($21,180.00), together with its costs and disbursements in this behalf expended, to be taxed, and that said plaintiff do have execution therefor.

"Further ordered that all further proceedings herein except the taxation of costs and entry of judgment therefor, be and they are hereby stayed until and including the 19th day of January, A. D. 1925, to enable these defendants to prepare and present a bill of exceptions and make a motion for a new trial."

These were final judgments.

[2, 3] 2. The last paragraph of the above quoted judgment provides for a stay "to enable these defendants to prepare and present a bill of exceptions and make a motion for a new trial." This stay was subsequently extended by successive orders, each entered before expiration of stay under the preceding order. The last extensions were to March 4, 1926, within three months of the application herein. No motion for new trial was ever filed. This stay was merely of execution. It does not amount even to an extension of time within which to file motion for new trial. Such suspension of execution does not prevent the judgment becoming final, for purposes of review.

These writs should, under the motions, be and they are dismissed.