## COLLINS v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. February 27, 1928.

No. 7899.

Appeal and error ⟨⟩353—Statute limiting time for applying for writ of error or appeal is mandatory, and time cannot be extended by court order (28 USCA § 230).

Act Feb. 13, 1925, § 8(c), being 28 USCA § 230, limiting the time for application for appeal or writ of error is mandatory and jurisdictional, and the time cannot be extended by order of court.

In Error to the District Court of the United States for the Southern District of Iowa; Andrew Miller, Judge.

Criminal prosecution by the United States against Charles M. Collins. Judgment of conviction, and defendant brings error. Dismissed.

Claude R. Porter, of Des Moines, Iowa (Chester J. Eller, of Des Moines, Iowa, on the brief), for plaintiff in error.

Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa (Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is a writ of error from a judgment of conviction and sentence for violations of the Harrison Anti-Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q). The judgment was entered December 16, 1926.

On February 8, 1927, the trial judge entered an order in which he undertook to extend the time for defendant to file his petition for writ of error and assignments of error to June 16, 1927. On June 6, 1927, a similar order was entered, undertaking to extend the time to July 16, 1927. The petition for writ of error and assignments of error were filed June 15, 1927. The order granting the writ of error was filed June 15, 1927. The writ of error was issued June 16, 1927.

From the foregoing it appears that the application for the writ of error was not filed until more than three months after the entry of the judgment.

Section 8 of the Act of February 13, 1925 (USCA tit. 28, § 230) provides:

"No writ of error or appeal intended to bring any judgment or decree before a Circuit Court of Appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

This statute, limiting the time within which an application for a writ of error can be made, is mandatory and jurisdictional. Vaughan v. American Insurance Co. of Newark, N. J. (C. C. A. 5) 15 F.(2d) 526, 527; Kiehn v. Dodge County (C. C. A. 8) 19 F.(2d) 503, 504. The time for making such an application cannot be extended by order of court. Vaughan v. American Ins. Co. of Newark, N. J., supra; Sprague v. Chicago, B. & Q. R. Co. (C. C. A. 8) 17 F. (2d) 768.

It follows that the writ of error herein, not having been applied for within the statutory period, must be dismissed; and it is so ordered.