## ROBIE v. HART, SCHAFFNER & MARX.

### In re BEEK & McDOUGAL'S ESTATE.

#### No. 8744.

Circuit Court of Appeals, Eighth Circuit.

April 16, 1930.

Stilson & Goldberg, of Duluth, Minn., for appellant.

Washburn, Bailey & Mitchell, of Duluth, Minn., for appellee.

872

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and DAVIS, District Judge.

STONE, Circuit Judge.

This is an appeal from a judgment on a directed verdict against plaintiff in an action at law by a trustee in bankruptcy to recover preferential payments.

Appellee presents a motion to dismiss the appeal. The grounds of the motion are that no appeal was allowed in open court; that no petition for appeal was presented to a judge or acted upon by such within three months after entry of judgment.

The judgment was entered January 4, 1929. A notice of appeal was filed April 4, 1929. Citation, as on an appeal, was issued April. 6, 1929. Assignments of errors were filed April 9, 1929. The above are all of the steps relating to appeal which appear in the record.

Section 1 of the Act of January 31, 1928 (45 Stat. 54 [28 USCA § 861a]), abolished writs of error, and provided that such relief should be by appeal. Section 2 of that act (28 USCA § 861b), abolished the long-existing method of taking appeals, and substituted therefor service and filing of a notice of appeal. The Act of April 26, 1928 (45 Stat. 466 [28 USCA § 861b]), substituted (by amendment) for section 2 of the Act of January 31, 1928, the following (45 Stat. 466):

"Sec. 2. The statutes regulating the right to a writ of error, defining the relief which may be had thereon, and prescribing the mode of exercising that right and of invoking such relief, including the provisions relating to costs, supersedeas, and mandate, shall be applicable to the appeal which the preceding section substitutes for a writ of error."

The sole result of the change made in the law by these two acts was one of name only. Instead of being known as "writs of error," such proceedings are to be known as "appeals." The Act of April 26, 1928, restored the entire procedure regulating appeals in actions at law to that which existed as to writs of error before the Act of January 31, 1928. The later act specifically restores "the mode of exercising that right and of invoking such relief." One of such statutory provisions regulating the right to such review was that "no writ of error * * * shall be allowed, unless application therefor be duly made within three months after the

entry of such judgment or decree." 43 Stat. 940, USCA tit. 28, § 230. The only thing done here within such three months' period was to file a "Notice of Appeal." This notice was directed to adverse counsel, was served on them, and was as follows:

"Notice of Appeal.

"You Will Please Take Notice, That E. G. Robie, Trustee, the above named plaintiff, feeling himself aggrieved by the final judgment of the above named court in the above entitled proceeding, entered on the Twenty-fourth day of January, 1929, hereby appeals from the said judgment and the whole thereof to the United States Circuit Court of Appeals for the Eighth Circuit.

"Dated this second day of April, 1929.

"Stilson & Goldberg,
"Attorneys for Plaintiff,
"617 Torrey Building,
"Duluth, Minnesota.

"To: Washburn, Bailey & Mitchell, Attorneys for Defendant, 1200 Alworth Building, Duluth, Minnesota."

Obviously, this was not an "application" for an appeal, either within the above section or otherwise. It was a notice intended to comply with the second section of the Act of January 31, 1928, which provided that an appeal might be taken "by serving upon the adverse party or his attorney of record, and by filing in the office of the clerk with whom the order appealed from is entered, a written notice to the effect that the appellant appeals from the judgment or order or from a specified part thereof." That section further provided that "no petition for appeal or allowance of an appeal shall be required." This "notice" was not intended to be an application or petition for an appeal, is not such in fact, and cannot be given that effect. The statute requires an "application" for the appeal. While courts should be rather liberal in construing that word, yet they are not at liberty to disregard its reasonable meaning, which, in this usage, necessarily carries the element of request. The circumstance that the trial court, after the three months, issued a citation based thereon, cannot supply the statutory requisite nor void the statutory meaning of the above word. Nor can the filing of briefs on the merits by appellee correct this situation, as being a consent or waiver. The requirements of this section are mandatory and jurisdictional, and not to be avoided by consent, waiver, or, even, order of court. The following cases

in this court: Northwestern Publ. Serv. Co. v. Pfeifer, 36 F.(2d) 5; C., M. & St. P. Ry. Co. v. Leverentz, 19 F.(2d) 915; Kiehn v. Dodge County, 19 F.(2d) 503; Sprague v. C., B. & Q. R. Co., 17 F.(2d) 768.

For noncompliance with section 230, this appeal should be, and is, dismissed.