**UNITED STATES v. KIELING.**

No. 7237.

Circuit Court of Appeals, Ninth Circuit.

Dec. 13, 1933.

Carl C. Donaugh, U. S. Atty., and Edwin D. Hicks and F. T. Wade, Asst. U. S. Attys., all of Portland, Or., and Davis G. Arnold and John Mock, Attys., Veterans Administration, both of Washington, D. C., for the United States.

J. N. Helgerson, of Portland, Or., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an action to recover on a war risk insurance policy on the ground that the plaintiff became totally and permanently disabled during the life of his policy. The sole question sought to be presented on this appeal is whether or not the court erred in not granting the defendant's motion for directed verdict.

It appears that on September 28, 1918, the plaintiff was injured in battle in the Argonne Forest. He testified as to the circumstances of his injury and his physical condition thereafter and the treatment he received. He was admitted to the field hospital October 3, 1918, with a diagnosis of "psychoneu-rosis; concussion neurosis." On October 14, 1918, an entry was made in the hospital records stating his condition in considerable detail, with the following diagnosis: "Spastic paraplegia bilateral pyramidal tract process." January 11, 1919, he was evacuated to Letterman Hospital, Presidio of San Francisco; the hospital records showing, "has slight spastic gait; complains of not having use of left leg."

The physician who testified on his behalf at the trial explained the significance of these entries in the hospital record, and in response to a hypothetical question based upon the evidence stated that he was totally and permanently disabled; that he was suffering from myelitis, a lesion of the spinal cord; that from the examination made in 1931 and the history of the case given in the hypothetical question, the condition of permanent and total disability originated before his discharge from the army, showing a continued state of psychoneurosis starting at the time of his injury in the war and continuing up to the time of trial.

The appellant states: "The evidence introduced by the defendant did not in any way tend to support the allegations of the complaint that the plaintiff was permanently and totally disabled during the life of his insurance contract." Appellant calls attention to some evidence offered on its behalf in the lower court, but does not explain wherein the evidence adduced was insufficient to support the judgment.

Before considering this matter further, it should be stated that the petition for the appeal and the order allowing the appeal were dated May 6, 1933, but no assignments of error were filed at that time, and that appellant relies on its assignment of error filed June 20, 1933. The appellee moves to dismiss the appeal on the ground that rule 11 of this court, requiring the assignment of errors to accompany the petition for appeal, has not been complied with, and upon the further ground that the record was not docketed in this court within the time allowed by law. As to the latter point, however, the records of this court show that the time was extended and that the record was docketed before the expiration of the time thus extended. Neither of these questions is jurisdictional. Harris v. Moreland Motor Truck Co. et al. (C. C. A.) 279 F. 542.

The belated assignments of error relate solely to the insufficiency of the evidence to support the verdict and should be disregarded because filed too late. Willamette &

164

Columbia River Towing Co. v. Hutchison (C. C. A.) 236 F. 908; Board of County Com'rs of Osage County v. U. S. (C. C. A.) 64 F.(2d) 775. Nevertheless we have examined the record and read the testimony therein which seems to fully support the judgment. Certainly there is no plain and obvious error appearing on the face of the record which requires us to ignore the rule of this court with reference to assignments of error. See Morrissey v. U. S. (C. C. A.) 67 F.(2d) 267, filed October 20, 1933.

The motion to dismiss is granted upon the ground that no assignments of error were filed at the time fixed by rule 11 of this court.

The appeal is dismissed.