### MUCKELROY v. BALDWIN et al.
### No. 9807.

Circuit Court of Appeals, Eighth Circuit.
April 12, 1934.

L. A. Hardin, of Little Rock, Ark. (C. W. Garner, of Little Rock, Ark., on the brief), for appellant.

C. E. Daggett, of Marianna, Ark. (Thomas B. Pryor, of Fort Smith, Ark., on the brief), for appellees.

Before STONE and SANBORN, Circuit Judges, and WYMAN, District Judge.

STONE, Circuit Judge.

Appellant brought a personal injury suit which was removed to the United States court. A motion to remand was denied, and appellant refusing to proceed further, the petition was dismissed at the costs of appellant. From that dismissal this appeal is brought.

Appellees filed a motion to dismiss on the ground that the appeal was not taken in time. The judgment herein was entered March 13, 1933; the appeal taken July 21, 1933. It is obvious that more than three months have elapsed between the judgment and the appeal and that the motion to dismiss should be sustained unless there is some good reason to the contrary. The reason relied upon by appellant is statements attributed to counsel for appellees in connection with a proceeding by the defendant (Missouri Pacific Railroad Company) under section 77 of the new Bankruptcy Amendment (11 USCA § 205). The amended response to the motion to dismiss states that counsel for appellees stated in open court in the presence of counsel for appellant, and in regard to other cases, that the pendency of this bankruptcy proceeding acted as a restraint on all pending actions. It is also intimated that this representation was made to counsel for appellant in regard to this particular case. The contention is that counsel had a right to rely upon such representations and that an estoppel is operative against appellees for the period during which this impression remained or until an order was made by the bankruptcy court to the contrary. There is no merit in this contention. The Supreme Court, as well as this court, in numerous cases, has held that the three months' statutory period for appeal is mandatory and jurisdictional and, being such, it cannot be extended by waiver, consent, or even order of court. Old Nick Williams Co. v. United States, 215 U. S. 541, 30 S. Ct. 221, 54 L. Ed. 318; Credit Co. v. Ark. Central Ry. Co., 128 U. S. 258, 9 S. Ct. 107, 32 L. Ed. 448; Brooks v. Norris, 11 How. 204, 13 L. Ed. 665; cases in this court as follows: Share v. United States, 50 F.(2d) 669; Robie v. Hart, Schaffner & Marx, 40 F.(2d) 871; Northwestern Public Service Co. v. Pfeifer, 36 F.(2d) 5; Bremner v. Thomas, 25 F.(2d) 301; Collins v. United States, 24 F.(2d) 823; Chicago, M. & St. P. Ry. Co. v. Leverentz, 19 F.(2d) 915; Kiehn v. Dodge County, 19 F.(2d) 503; Sprague v. C., B. & Q. R. Co., 17 F.(2d) 768; General Motors Acceptance Corp. v. Lawrence, 9 F.(2d) 64; Boatmen's Bank v. A., T. & S. F. Ry. Co., 2 F.(2d) 972. Obviously, estoppel can have no effect upon a mandatory statutory requirement governing jurisdiction.

The motion to dismiss must be sustained, and the appeal dismissed as being out of time and, therefore, lack of jurisdiction in this court.