## NOLAND v. UNITED STATES.
### No. 8702.

Circuit Court of Appeals, Ninth Circuit.
Nov. 22, 1937.

Frank J. Hennessy, U. S. Atty., and S. P. Murman, Asst. U. S. Atty., both of San Francisco, Cal.

Raine Ewell, of San Francisco, Cal., for respondent.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

The appellee moves to docket and dismiss the appeal herein upon the ground that the period for the settlement of the bill of exceptions has expired, and that the bill has not yet been settled; and also upon the ground that the assignments of error have not been presented within the time allowed by law.

Appellee relies upon a certificate of the clerk of the District Court setting out the following docket entries: "Sep. 11, 1937, Court ordered defendant have 30 days to file assignment of errors and proposed bill of exceptions; U. S. have 10 days thereafter to file proposed amendments to bill of exceptions and the bill of exceptions be settled within 10 days thereafter. Oct. 13, 1937, Filed order extending time to serve and file bill of exceptions and assignment of errors 30 days from October 14, 1937." The second order dated October 13, 1937, was made within the period of 30 days, plus Sundays and holidays, after the appeal was taken, so that according to the certificate if we consider the first order (of September 11), and the second order (of October 13), both made within 30 days, plus Sundays and holidays, after appeal was taken, as supplementary, the time for filing the proposed bill of exceptions and for its settlement was properly extended until 30 days from October 14, 1937.

The appellee contends that, when the court made its order of September 11, 1937, fixing the time for the presentation of the bill of exceptions and the assignments of error, it exhausted its power to grant further extensions even within the 30-day period fixed by the rule of the Supreme Court within which the court was at liberty to exercise its discretion in fixing a time for the presentation of the assignments of error and proposed bill of exceptions and the settlement thereof.

The appellant states upon argument that he has presented a proposed bill of exceptions to the court within the time fixed by the order of October 13th, and is proceeding to procure a settlement of the bill of exceptions. The failure to settle or file a bill of exceptions is not a ground upon which to dismiss an appeal. Harris v. Moreland Motor Truck Co. (C.C.A.) 279 F. 542. Neither is the failure to file assignments in time a ground for dismissal. Harris v. Moreland Motor Truck Co., supra; United States v. Kieling (C.C.A.) 68 F.2d 163. Assuming that it is a doubtful question whether or not a second order extending the time for settling the bill of exceptions may be made within 30 days after the appeal is taken in a criminal case, we would be inclined to exercise our supervisory authority over the settlement of the bill (Ray v. United States, 301 U.S. 158, 57 S.Ct. 700, 81 L.Ed. 976; Reiner v. United States, 92 F.2d 321, decided by this court, November 3, 1937) in favor of allowing the bill to be settled.

For these reasons the motion is denied.