**ROBERTSON, Collector of Internal Revenue, v. MORGANTON FULL FASHIONED HOSIERY CO.**

No. 4246.

Circuit Court of Appeals, Fourth Circuit.

April 5, 1938.

John J. Pringle, Jr., Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for appellant.

J. E. Butler, of Morganton, N. C. (Ervin & Butler, of Morganton, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

The appellee moves the court to dismiss this appeal from a judgment of the District Court wherein it was adjudged that the Morganton Full Fashioned Hosiery Company have and recover against the collector of internal revenue the sum of $635.78 paid to him by the corporation under protest as a tax claimed by the United States to be due upon a transfer of the right to receive certain shares of capital stock under section 800, Schedule A-3, of the Revenue Act of 1926, c. 27, 44 Stat. 99, 101, as amended by section 723 of the Revenue Act of 1932, c. 209, 47 Stat. 272, 26 U.S.C.A. §§ 900 and note, 902(b), 921(b) (1).

The judgment was signed by the District Judge on September 30, 1936, and filed on October 2, 1936. Nothing was done thereafter by the United States until December 19, 1936, near the end of the 3-months period within which an application for appeal must be made, 28 U.S.C.A. § 230, when, upon the oral motion of the United States attorney at chambers, the judge passed an order, filed on December 21, 1936, allowing the appeal. No assignment of errors was filed with the application for appeal and no citation to the adverse party was issued as required by the statute, 28 U.S.C.A. § 862, and by rules 11 and 14 (5) of this court. Nor did the appellant, as required by rules 14 (5) and 16 of this court, cause the transcript of record to be printed and delivered to the clerk of the court below for certification and transmission to this court within 40 days from the date of the order allowing the appeal; nor did he file copies of the transcript with the clerk of this court and docket the case in

this court within said period; nor did he before the expiration of the period secure an enlargement of the time for good cause.

No further step was taken in the case until February 10, 1937 when, at the request of the appellant, the judge signed an amended judgment, filed March 29, 1937, which in no way altered the substance of the original judgment but merely corrected clerical mistakes in the references therein to the numbered conclusions of law previously filed by the court and to the exceptions of the parties thereto. On March 30, 1937 the District Judge, upon the oral motion of the United States attorney at chambers, signed an order allowing an appeal from the amended judgment; but again the statute and rules of court were ignored in regard to the filing of an assignment of errors, the issuance of a citation, the filing of the printed transcript in the court below and in this court, and the docketing of the case in this court within the allotted time. Subsequently, after notice by the United States attorney to the appellee, the record was settled by the court on June 30, 1937; and the transcript of record was finally filed with the clerk of this court and the case was docketed here on September 21, 1937.

The appellee contends that the District Court was without power to amend the judgment after the expiration of the term of court, and that the motion to dismiss the appeal should be considered only in connection with the judgment signed on December 19, 1936; but we need not pass on this point for the appellant failed to comply with the statute and the rules of this court with respect to the appeal, whether it be considered that the action of the court taken on December 19, 1936, or that taken on February 10, 1937, was the final judgment. The same observation applies, if it be considered that the time should be reckoned from the filing of the judgment or of the amended judgment in the clerk's office. In both instances there was no assignment of errors or citation, and with respect to both appeals the transcript was filed and the case docketed in this court too late. It is, moreover, proper, in examining the conduct of the appellant, to note that a period of nearly 9 months elapsed between December 19, 1936, when the judgment was signed, and September 10, 1937, when the appeal was docketed in this court, and that no explanation or excuse for the delay has been offered.

■ The requirement of the statute, 28 U.S.C.A. § 230, that an application for an appeal must be made within 3 months after the entry of the judgment is jurisdictional, and the courts are without power to alter it. Collins v. United States, 8 Cir., 24 F.2d 823; Stradford v. Wagner, 10 Cir., 64 F.2d 749; United States v. New National Coal & Mining Co., 7 Cir., 72 F.2d 168. But the requirements of the statute, 28 U.S.C.A. § 862, with regard to the issuance of citation and the filing of assignments of error, and of rules 14 and 16 of this court, are not mandatory and may be relaxed for good cause in the discretion of the court. With regard to the filing of an assignment of errors and the issuance of a citation, see Columbia Heights Realty Co. v. Rudolph, 217 U.S. 547, 551, 30 S.Ct. 581, 54 L.Ed. 877, 19 Ann.Cas. 854; Beaumont v. Prieto, 249 U.S. 554, 39 S.Ct. 383, 63 L.Ed. 770; E. R. Squibbs & Sons v. Mallinckrodt Chemical Works, 293 U.S. 190, 55 S.Ct. 135, 79 L.Ed. 279; Mutual Life Ins. Co. v. Conoley, 4 Cir., 63 F. 180; Bernard v. Lea, 4 Cir., 210 F. 583; Hultberg v. Anderson, 7 Cir., 203 F. 853; Reed v. Anderson, 8 Cir., 236 F. 345; Willamette & Columbia River Towing Co. v. Hutchinson, 9 Cir., 236 F. 908; Board of County Commissioners of Osage County v. United States, 10 Cir., 64 F.2d 775; Patrick v. United States, 9 Cir., 77 F.2d 442; Joplin Ice Co. v. United States, 8 Cir., 87 F.2d 174. With regard to filing the transcript of record and docketing of case in the appellate court within the required time, see Grigsby v. Purcell, 99 U.S. 505, 25 L.Ed. 354; Freeman v. United States, 2 Cir., 227 F. 732; Harris v. Moreland Motor Truck Co., 9 Cir., 279 F. 542; Witte v. Franklin Fire Ins. Co., 8 Cir., 46 F.2d 894; United States v. Kieling, 9 Cir., 68 F.2d 163; American Gas Machine Co. v. Willcuts, 8 Cir., 87 F.2d 924.

■ But while the defects noted in this appeal do not compel a dismissal as a matter of course, they nevertheless raise a serious question for consideration. The procedure marked out in the statutes and the rules of this court may not be ignored with impunity. It has been long established; it finds its counterpart in every federal circuit; and it serves a useful purpose in protecting the appellee and expediting the business of the courts. The failure of the appellant to file an assignment of errors and to cause a citation to issue might not, taken by themselves, have been fatal to the prosecution of the appeal in this court; but when these omissions are joined to an inexcusable and unexplained delay, a condition arises that

782

the court may not properly overlook. The tendency of Congress has been to expedite litigation by shortening the period within which an appeal must be taken; and the present statutory requirement that application for an appeal must be made within 3 months will have little practical effect unless the rules of court, which require the prompt prosecution of the appeal after its allowance, are given force and effect. This course, we think, must be followed in a case in which no reason or excuse for long delay has been offered.

Appeal dismissed.