Floyd E. Anderson, J.
This is a motion by the defendants for a summary judgment against the plaintiffs.
The complaint alleges that on or about May 13, 1959, the defendants gave the plaintiffs an option, in writing, to purchase a two-fifths interest in certain lands described in the complaint. This option provided for a purchase price of $7,000 and stated *47 that “ this option shall operate for a period of 60 days.” The complaint further alleges: “ 4. That thereafter and on or about the 15th day of May, 1959 while the said option remained in full force and effect plaintiffs duly served notice upon the defendants herein that they had decided to exercise the said option and that the title to the said premises was to be closed and the deed delivered upon performance by the plaintiffs ” at the office of the attorney for the plaintiffs on July 15,1959. It is further alleged that on or about May 22,1959, the defendants notified the plaintiffs herein that they would not convey any portion of the premises described to the plaintiffs at any time. The plaintiffs allege that they have performed all the necessary conditions of the option except those which they have been unable to perform because of the actions of the defendants. Thereafter, on or about May 27, 1959., the plaintiff commenced this action for the specific performance of the above-mentioned option.
The defendants denied the material allegations of the complaint in their answer and demanded in the bill of particulars: “ 2. A copy of the notice dated May 15,1959 which the plaintiffs claimed they served on the defendants as alleged in paragraph 4 of the complaint.” In answer to this demand, plaintiffs submitted a document which was headed “ Purchase Offer ” and contained the following material clauses:
1. An agreement by the plaintiffs to purchase the property in question.
2. Setting the purchase price thereof at $7,000, payable $250 upon the execution of the purchase offer and $6,750 upon closing.
3. Bisk of loss until the transfer of the property on the sellers.
4. Sellers to furnish warranty deed, tax searches, etc. at time of transfer. Property subject to certain easements. Apportionment of taxes.
5. Purchase offer good until May 20, 1959.
6. Transfer to be completed at office of attorney for plaintiffs.
7. Possession to be delivered upon acceptance of purchase offer.
An option for the purchase of land consists of two elements: “ jfirst, an offer to sell or buy, which does not become a contract until accepted; second, the completed contract to leave the' offer open for a specified time.” (Spitzli v. Guth, 112 Misc. 630, 637; 3 Warren’s Weed, New York Real Property [4th ed.], pp. 873-874 ; 8 Thompson, Real Property, § 4569, pp. 504-505; Matter of Levy, 169 Misc. 785; Heller v. Pope, 250 N. Y. 132, 135-136.) In order for there to be an enforcible contract for the sale of land upon which an action for specific performance can be based, the optionee must “ exercise ” the option within the time limit *48 contained in thé option. The option must be exercised in strict accordance with the terms of the option; in other words, the offer held open by the unilateral option contract must be unequivocally accepted according to its terms and conditions. (Heller v. Pope, supra; Stanley v. Gannon, 109 Misc. 611; 8 Thompson, Real Property, § 4573, pp. 515-516; 91 C. J. S., Vendor & Purchaser, pp. 853-854.) Until the optionee has accepted the offer according to the terms of the option, no valid contract of sale is created and the optionor is under no obligation to convey the property. (Stanley v. Gannan, supra; Texas Co. v. Z. & M. Independent Oil Co., 156 F. 2d 862 [2d Cir., 1946]; Lewis v. Bollinger, 115 Misc. 221; 3 Warren’s Weed, New York Real Property [4th ed.], pp. 885-886 and cases cited thereunder.)
In this case, it appears clear that the Purchase Offer ” given was not a valid exercise of the option in quéstion since it contains numerous conditions and terms not found in the original option and thus was not a valid acceptance of the offer contained in the option. Further, “ an acceptance incorporating a term, condition or reservation not embraced within the terms of the offer is equivalent to a rejection,” and the offer contained in the option may not be revived by a subsequent unconditional acceptance. (Beaumont v. Prieto, 249 U. S. 554; Stanley v. Gannon, supra; 91 C. J. S., Vendor & Purchaser, pp. 854-855 and cases cited therein; 8 Thompson, Real Property, § 4572, p. 511; § 4573, p. 516; cf. Gram v. Mutual Life Ins. Co. of N. Y., 300 N. Y. 375.) It follows that since the defendant never accepted the purchase offer tendered on May 15, 1959 there has been no “ exercise ” of the option by the plaintiffs unless it was done prior to the delivery of the above-mentioned purchase offer.
It appears from the affidavit of the attorney for the plaintiffs that the plaintiffs attempted to exercise the option in question orally, prior to the delivery of the purchase offer. This allegation is neither supported nor reflected by the pleadings. The plaintiffs cannot defeat the defendants’ motion for summary judgment upon the cause of action pleaded in the complaint by showing that they have a different and unpleaded cause of action. (Elsfelder v. Cournand, 270 App. Div. 162; Bright v. O’Neill, 3 A D 2d 728.)
The defendants’ motion for summary judgment dismissing the complaint is granted, with leave to the plaintiffs to serve an amended complaint with 10 days after service of the order with notice of entry. Submit order.