**HUMBLE OIL & REFINING COMPANY et al., Appellants,**

v.

**WESTSIDE INVESTMENT CORPORATION, Appellee.**

No. 14589.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 20, 1967.

Rehearing Denied Oct. 18, 1967.

Frank L. Heard, Jr., Houston, Lagerquist, Shaw & Davis, San Antonio, for appellants.

Johnson & Christopher, Pat Legan, San Antonio, for appellee.

KLINGEMAN, Justice.

Suit for specific performance by Humble Oil & Refining Company, herein referred to as Humble, against Westside Investment Corporation, herein referred to as Westside, based upon a written option and contract for sale of real estate. A real estate salesman, Marvin H. Mann, intervened, seeking recovery of a commission in connection therewith. Each party filed a motion for summary judgment. The court granted the motion of defendant, Westside, and overruled the motion of plaintiff, Humble, and intervener, Marvin H. Mann.

Westside and Humble entered into a written option agreement on April 5, 1963, wherein Humble, for the sum of $50.00, was given a 60-day option to purchase the real estate described therein. This option provided that the offer was irrevocable.

The only question before the Court is whether Humble validly exercised its option to purchase within the 60-day period provided in the option contract.

On May 2, 1963, Humble mailed a letter to Westside which stated:

"Humble Oil & Refining Company hereby exercises its option to purchase Lots 19, 20, 21, 22 and 23, Block 2, Lackland Heights Subdivision, in or near the City of San Antonio, Bexar County, Texas, granted in Option and Purchase Contract dated April 5, 1963. As additional inducement for Humble to exercise its option to purchase, you have agreed that all utilities (gas, water, sewer and electricity) will be extended to the property prior to the closing of the transaction. The contract of sale is hereby amended to provide that Seller shall extend all utility lines to the property before the date of closing.

"Please sign and return one copy of this letter in the space indicated below to signify your agreement to the amendment to the purchase contract."

Thereafter, on May 14, 1963, within the 60-day period, Humble mailed to Westside another letter reading as follows:

"Humble Oil & Refining Company hereby notifies you of its intention to

exercise the option granted in Option and Purchase Contract dated April 5, 1963 covering Lots 19, 20, 21, 22, and 23, Block 2, Lackland Heights Subdivision, in or near the City of San Antonio, Bexar County, Texas. The exercise of said option is not qualified and you may disregard the proposed amendment to the contract suggested in letter dated May 2, 1963 from the undersigned as Agent and Attorney-in-Fact for Humble Oil & Refining Company addressed to Westside Investment Corporation."

In the option agreement dated April 5, 1963, Westside did not agree to bring utilities to the site, and there is nothing in the record pertaining to such utilities except the reference thereto in Humble's letter of May 2, 1963.

Appellee contends that, as a matter of law, Humble rejected the offer by its letter of May 2, 1963, and such offer could not be revived by a subsequent unconditional acceptance.

Appellants' two points of error are:

First Point: "The trial court erred in holding that Humble's letter of May 2, 1963 had the effect of terminating the option contract."

Second Point: "Humble timely exercised the option granted to it in the contract of April 5, 1963."

Appellants concede that a mere offer is terminable by a conditional acceptance or counter offer, but contend forcibly that an option to purchase, based upon a valid consideration, providing for the exercise thereof within a stated period of time, is basically different in law from a mere offer, and such option agreement is an enforcible contract, distinct from the contract to which the option relates, and is not modified, abandoned or terminated in any manner or with less formalities than required to enter into a binding contract in the first place.

■ It is well settled and appellee concedes that where there is an option to purchase supported by a valid consideration, the offerer cannot revoke or terminate such option during the time fixed in the option. Restatement of the Law of Contract, Vol. 1, §§ 46 and 47; 17 C.J.S. Contracts § 1(1), pp. 542–543. The material question to be determined by this Court is whether the offeree can, during the term of such an option agreement reject the offer, or do some act which in law constitutes a rejection, and thereafter, during the term provided in such option, make an unconditional acceptance which would be effective.

■ An acceptance of an offer must be unconditional and unequivocal, so that without any additions or variations it is identical to the terms of the offer. 13 Tex. Jur.2d, Contracts, § 27 (1960); Thompson on Real Property, Vol. 8A, § 4445, pp. 267–268; Williston on Contracts, 3rd Ed., Vol. 1, §§ 72, 73. An examination of Humble's letter of May 2, 1963, shows that it is not an unconditional and unqualified acceptance of the offer contained in the option contract of April 5, 1963, in that it provides that all utilities will be extended to the property prior to the closing of the transaction by Westside, and that "The contract of sale is hereby amended to provide that Seller shall extend all utility lines to the property before the date of closing." Such conditional acceptance by Humble amounted to a rejection of the original offer. Moore Bros. v. Kirkpatrick, 172 S.W.2d 135, (Tex. Civ.App.—Eastland 1943 no writ); Liquids Dispatch Line v. Texas Power & Light Co., 6 S.W.2d 169, (Tex.Civ.App.—Dallas 1928, writ ref'd); 13 Tex.Jur.2d, Contracts, § 27 (1960); 91 C.J.S. Vendor & Purchaser § 10, p. 854; Thompson on Real Property, Vol. 8A, § 4445, pp. 267–268; 55 American Jur., Vendor & Purchaser, § 39, p. 508; Best Realty Corp. v. Luftig, City Ct., 234 N.Y.S.2d 462 (N.Y.1962); Butsch v. Swallow, 78 Ind.App. 101, 134 N.E. 877 (1922); Bourdieu v. Baker, 6 Cal.App.2d 150, 44 P.2d 587 (1935); Masonic Temple Co. v. Adams, 106 Ohio App. 23, 153 N.E. 2d 198 (1958).

Humble, however, contends that even if such letter of May 2, 1963, be construed as a conditional acceptance, that it would not terminate the option agreement, and that it could thereafter, during the term provided in the option agreement, make an unconditional acceptance which would be valid and effective. We are not in agreement with Humble's contention. An option is a mere right of election, acquired by one under a contract, to *accept or reject* a present offer within the time therein fixed. State v. Clevenger, 384 S.W. 2d 207 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); 55 Am.Jur., Vendor & Purchaser, § 27, p. 493; Williston on Contracts, 3rd Ed., § 61b, p. 199; Galbraith v. Buffalo Marketing Co., Inc., 128 Misc. 79, 217 N.Y.S. 737 (Sup.Ct.N.Y.1927) aff'd 222 App.Div. 792, 226 N.Y.S. 816; Morris v. Goldthorp, 390 Ill. 186, 60 N.E.2d 857 (1945); Seeburg v. El Royale Corp., 54 Cal.App.2d 1, 128 P.2d 362 (1942). In Williston on Contracts, 3rd Ed., Vol. 1, § 77, pp. 251–252, it is stated: "A conditional acceptance is, therefore, itself a counter-offer and rejects the original offer, so that thereafter even a purportedly unqualified acceptance of that offer will not form a contract." See also: Beaumont v. Prieto, 249 U.S. 554, 39 S.Ct. 383, 63 L.Ed. 770 (1919); James v. Darby, 100 F. 224 (8th Cir. 1900); Bartholf v. Hautala, 22 Misc.2d 46, 194 N.Y.S.2d 660 (Sup.Ct.N.Y. 1959); Jones v. Moncrief-Cook Co., 25 Okl. 856, 108 P. 403 (1908); Thompson on Real Property, Vol. 8A, § 4446, p. 273; 13 Tex.Jur.2d, Contracts, § 35 (1960).

Appellants rely heavily on Best Building Co. v. Sikes, 394 S.W.2d 57 (Tex.Civ.App. —Ft. Worth, 1965, writ ref'd n. r. e.) and Moore v. Kirgan, 250 S.W.2d 759 (Tex. Civ.App.—El Paso, 1952, no writ). Such cases are distinguishable on their facts from the case on appeal. *Best* involved a contract giving the building company separate and distinct options, one relating to a tract of land called Tract 2-B, and the other to a tract called Tract 3. The option rights to Tract 3 was contingent upon the prior acquisition and development of Tract 2-B. Prior to the exercise of the option relating to Tract 2-B, the optionee discovered a purchaser for a portion of Tract 3, and some negotiations were carried on between the optioner and optionee relative to the acquisition of Tract No. 3, which were fruitless. In September of 1961, the optionee filed a suit against the optioner for specific performance of the contract, without reference to distinction to be made between the separate option rights thereunder as to Tract 2-B and Tract 3. Subsequently, in January, 1962, the optionee made a proper written acceptance of the option offer as to Tract 2-B, and upon the offerer's refusal to convey such tract, instituted suit for specific performance or for damages for defendant's breach. The court held that the exercise of the option as to Tract 2-B was valid and timely. The Court, however, in its opinion pointed out that the offeree's notification of acceptance in January, 1962, was the first and only proper attempt to exercise any right of option.

Moore v. Kirgan, supra, was a suit to specifically enforce an option to convey real estate, which option was a part of a lease contract supported by consideration. Among other things, optioner-lessor contended that the option had been abandoned because optionee-lessee had requested the lessor to grant a new lease and make improvements on the premises. Thereafter, during the term of the lease, the husband of lessee wrote a letter which purportedly was an unqualified exercise of the option to purchase. The Court in its original opinion held that such option had not terminated and granted specific performance. The Court in its opinion stated that lessor testified that she had refused to make a new lease or to make improvements, and that lessee's request that she do so could have no bearing on the lease, including the option. On motion for rehearing, the Court set aside its former judgment which had granted specific per-

formance and reversed and remanded such cause.

■  It is our conclusion that Humble's letter of May 2, 1963, constituted a counter-offer and rejection of Westside's offer, and terminated such offer, and that Humble's attempted unconditional acceptance thereafter had no effect and did not form a contract. The judgment of the trial court is affirmed.