Mario Pittoni, J.
Plaintiff Howard Rebhun (hereafter called Rebhun) seeks a declaratory judgment as to the rights of the parties with respect to a March, 1975 lease agreement whereby Rebhun leased a Mercedes Benz automobile from defendant Executive Equipment Corporation (hereafter called Executive) for 15 months from April 1, 1975 to June 30, 1976 for a rental of $6,336, payable in monthly installments of $396.
This lease superseded and canceled a lease agreement dated July 6, 1973 between Diamsco, Inc., whose president was Rebhun, and Executive, and was for the same Mercedes Benz. This lease was for 36 months and had a purchase option for an additional $2,600.
*577 The March, 1975 agreement was, in effect, a personal assumption of the payments due for the unexpired term of the earlier Diamsco lease and included the $2,600 purchase option.
During the term of the lease, Executive rendered monthly bills to Rebhun and he paid them. Although they disagree as to whether those payments were timely, Executive did accept the payments when made.
Rebhun said that although he intended to exercise his purchase option at the expiration of the lease, he inadvertently continued to pay three months beyond the expiration date because Executive continued to render monthly bills without notifying him that the lease had expired and the time had arrived for him to exercise his purchase option.
Rebhun claims that he is entitled to take title to the automobile upon his paying Executive $1,412. This is the option price of $2,600, less $1,188, the three monthly payments beyond the lease term.
Meanwhile, Rebhun has possession of the automobile and has not tendered payment since September, 1976.
Executive contends that plaintiff is a holdover lessee and in default of the lease agreement; therefore it is entitled to possession of the automobile and the monthly installment in arrears.
Paragraph 20 (c) of the March, 1975 lease agreement states: "If Lessor consents to Lessee’s retaining possession of the leased vehicle, for a period ending after the termination date, then Lessee agrees to pay the monthly rental herein reserved prorata for such extended period, and the parties agree that all of the terms and conditions of this lease shall apply to such extended period.” (Emphasis supplied.) Thus, both parties’ obligations continued under the agreement. Rebhun continued in possession of the vehicle and Executive consented to the continued possession by accepting the payments as they were tendered. Accordingly, Executive was entitled to the monthly payments as long as it consented to Rebhun’s possession.
The purchase option is in an addendum to the agreement. It represents a continuing offer binding for the time specified, by the owner of the porperty, Executive, to sell to Rebhun at a fixed price (Zora Realty Co. v Green, 60 NYS2d 440).
*578 In return, the optionee, Rebhun, had to exercise the option within the specified time (Bartholf v Hantala, 22 Misc 2d 46).
Although the agreement is silent as to whether the option was to continue if Executive consented to an extension of the lease, it contends that it ended at the expiration of the original term. However, this contention contradicts paragraph 20 (c), which states that "all the terms and conditions of this lease shall apply to such extended period.” Executive’s controller, Mark Rauch, said that he told Rebhun in August, 1976 that he could purchase the automobile at the option price if he paid the license fee, purchased by Executive, for the car. Also on September 15, 1976 two and a half months after the expiration date, Executive sent Rebhun an invoice which stated that the automobile could be purchased at the option price.
It is unclear whether Executive told Rebhun prior to the receipt of the invoice that he could purchase the car at the option price, less the payments made beyond the expiration date, or whether Executive withdrew its offer to accept $2,600 as full payment before Rebhun had an opportunity to tender it. At any rate, under the agreement Executive was entitled to the tendered monthly payments until Rebhun exercised his purchase option and Rebhun’s right to exercise that option continued beyond the expiration date of the lease.
Equity dictates that Rebhun, having already paid the total rental payment for 36 months, plus an additional $1,188, may exercise his option to purchase at the agreed option price when he first showed an intention to exercise that option in August, 1976.
I find no merit to Rebhun’s claim that the lease agreement was a contract of sale of the vehicle with a retained "security interest.” Section 1-201 (subd [37], par [b]) of the Uniform Commercial Code states that "an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.” Then, paragraph 1A of the agreement designates the capital cost of the vehicle as $13,000. The total rental due Executive over 36 months for both leases was $14,256. The option price of $2,600 is not a nominal sum, but rather sufficient consideration and does not make the agreement a contract of sale which would automically vest title to the vehicle in Rebhun.
*579 Therefore, pursuant to the agreement, plaintiff Rebhun may take title to the automobile upon paying $2,600 to defendant Executive, with interest from September 1, 1976 and shall have judgment to that extent, and defendant Executive’s counterclaim is dismissed, and any existing stay is vacated.