ALEXANDER HELLER, Appellant, *v.* CHARLES E. POPE et al., Individually and as Copartners under the Name of C. W. POPE & COMPANY, Respondents.

(Argued December 6, 1928; decided December 31, 1928.)

*Samuel J. Rosensohn* and *J. Robert Rubin* for appellant. The words of the contract in question are capable of the construction contended for by the plaintiff. The term " option " has been used in the sense of exclusive right. (*Levy* v. *Rothe*, 39 N. Y. Supp. 1057.) The agreement is inconsistent with the interpretation that the defendants are merely taking an option without any obligation on

their part. (*Benedict* v. *Pincus*, 191 N. Y. 377; *Ellis* v. *Miller*, 164 N. Y. 434; *Atwater* v. *Panama R. R. Co.*, 246 N. Y. 519.)

*Avery F. Cushman* and *Franklin Leonard, Jr.*, for respondents. Where essential terms of an agreement are not arrived at and are left for future negotiations the minds of the parties have not met and no valid contract is consummated. (*St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30; Wigmore on Evidence, § 2425; *Lamb* v. *Norcross Bros. Co.*, 208 N. Y. 437; *Thomas* v. *Scutt*, 127 N. Y. 133; *Mandel* v. *Holding Co., Inc.*, 200 App. Div. 767; *Varney* v. *Ditmars*, 217 N. Y. 223; *United Press* v. *New York Press*, 164 N. Y. 406; *Clark Paper Co.* v. *Stenacker*, 236 N. Y. 312; *Sun P. & P. Association* v. *Remington P. & P. Co.*, 235 N. Y. 338; *Ansorge* v. *Kane*, 244 N. Y. 395; *Winn* v. *Bull*, L. R. [7 Ch. Div.] 29.) It is evident from the complaint what the parties were seeking to accomplish. The plaintiff was giving to the defendants an option which they were at liberty to exercise or not, to buy certain stocks, and if they accepted the option, then to sell such stock for a certain price, and in certain amounts. To give the letter the construction that the plaintiff desires in his complaint, would not be to construe the contract, but to remake it. (*Susquehanna S. S. Co.* v. *Anderson*, 239 N. Y. 285.)

POUND, J. In a former action between the parties the complaint undertook to set forth a cause of action for breach of contract. The contract alleged was as follows:

" Messrs. C. W. POPE & Co.,     " *July* 6*th*, 1917.
  " 25 Broad Street,
   " New York:

" GENTLEMEN.— Referring to an arrangement I am making with you this day, I agree to let you sell for me 200,000 shares of treasury stock of the Tuscon Arizona

Copper Co., of Tuscon, Arizona, at $1.00 per share and agree to sell same to you under an option for 70c per share.

" I also agree to option to you 70,000 shares of treasury stock additional at $1.00 per share. You are to use your discretion in the selling price of this stock, but it cannot be sold for less than $1.25 per share.

" When this treasury stock is disposed of by you, I then give you an option on 150,000 shares of Vendors stock at 95c per share, which you cannot sell for less than $1.25 minimum. I leave it to your discretion to get as much as you can for this stock, but under no conditions would I care to have this stock sold for less than $1.25.

" For this option you agree to do the following:

" You agree to sell this stock at the best of your ability; advertise it, and use all the methods necessary for the disposal of same, and you guarantee to sell a minimum of 10,000 shares per month, each calendar month, beginning the 25th day of July.

" Very truly yours,

(Signed) A. HELLER.

" Agreed to:

" (Signed) C. W. Pope & Co."

The complaint was dismissed because the court held that, from a mere inspection of the writing it was an option and not a contract for the purchase and sale of stock. (*Heller* v. *Pope*, 183 App. Div. 863.)

The complaint herein contains further allegations. It sets forth that the word " option " means " exclusive right;" that the word " guaranteed " meant that defendants would sell for the plaintiff a minimum of 10,000 shares per month until all the shares of stock mentioned in said agreement had been sold by defendants; that by the words " agreed to " it was intended to mean that defendants " accepted the exclusive right to sell the stock."

It appears on the face of the complaint that defendants, after signing under the words " agreed to " on the face of the writing, refused to " approve the memorandum." Plaintiff alleges that this was the repudiation of a contract. Defendants argue that it was a refusal to accept an option.

Does the complaint state facts sufficient to constitute a cause of action?

The question is as to the fair and reasonable meaning that may be given to the writing sued on. Written words may have more than one meaning. " The letter killeth but the spirit giveth life." (2 Cor. 3:6.) " Form should not prevail over substance and a sensible meaning of words should be sought." (*Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519, 524.) But plain meanings may not be changed by parol and the courts will not make a new contract for the parties under the guise of interpreting the writing. " The fact that the parties intended their words to bear a certain meaning, would be immaterial were it not for the fact that the words either normally or locally might properly bear such meaning." (Williston on Contracts, § 613.)

The substance of the succinct provisions of the memorandum declared on is as follows: Plaintiff offers to defendants to sell stock at the prices specified. For this option, defendants " agree to sell this stock at the best of your [their]ability; advertise it, and use all the methods necessary for the disposal of same, and you [they] guarantee to sell a minimum of 10,000 shares per month, each calendar month, beginning the 25th day of July." This agreement is plainly conditioned upon the acceptance of the offer by defendants. It is a conditional promise which may be consideration for the defendants' offer. A binding option is a contract but it is also an offer which when accepted will create another contract. Defendants agree that, if they accept the offer, they will do certain things. But they have not accepted the offer

and the entire option falls with such refusal. The memorandum is an unilateral contract binding on the plaintiff but leaving the defendants free to accept or not within a reasonable time. Acceptance alone would convert the unilateral contract into a bilateral contract.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.