In the Matter of the Estate of ROGER FOSTER, Deceased.

Surrogate's Court, New York County, October 30, 1929.

*Rufus M. Overlander*, for petitioner.

*Thomas M. Timlin*, special guardian.

O'BRIEN, S. This application for the appointment of a successor trustee is made by the executrix of a deceased coexecutor and cotrustee. Consents of certain remote residuary legatees are attached to the petition. The application is denied for the following reasons:

(1) No convincing reasons have been offered for such an appointment which would entail expense to the estate; (2) the life tenant (decedent's widow) and the residuary legatee (decedent's daughter) oppose the appointment; (3) the four alternative nominees named in testator's will either died or renounced so that the will is silent as to the necessity for the appointment of a successor executor and trustee; (4) the surviving trustee may continue to execute the

trust without the appointment of a substituted trustee in the place of one deceased (Surr. Ct. Act, § 168); (5) under the provisions of section 257 of the Surrogate's Court Act the executor of a deceased executor or trustee may account for the acts of the latter or as in this case may continue an accounting filed by such deceased executor or trustee during his lifetime. Moreover in this estate the petitioner who applies for the appointment of a successor trustee has been made a party to the pending accounting proceeding. A technical objection has been raised to this application based upon the contention that petitioner is not a person interested within the purview of subdivision 11 of section 314 of the Surrogate's Court Act and, therefore, is not qualified to make this application under section 168. There can be no question that petitioner is not included in the classes who are declared to be interested parties (Surr. Ct. Act, § 314, subd. 11); on the other hand it may be argued that section 168 does not contain any limitation to " a person interested." However, in view of my opinions above expressed, it is not necessary at this time to pass upon the point raised. Application denied.