METROPOLITAN LIFE INSURANCE COMPANY, Landlord, *v.* BERNARD WALSH et al., Tenants.

Municipal Court of New York, Borough of The Bronx, October 26, 1944.

*Meyer W. Greenwald* for landlord.

*W. E. Aronberg* for tenants.

LYMAN, J. This is a holdover proceeding to recover possession of an apartment occupied by Catherine Walsh as cotenant with Bernard Walsh, her husband, under a lease which ran for a period of two years commencing on the 1st day of September, 1943, and expiring on the 30th day of September, 1945.

The tenant Bernard Walsh was an employee of the landlord. On or about the 21st day of August, 1944, he was inducted into the armed forces under the Selective Service Act of 1940 (U. S. Code, tit. 50, Appendix, § 301 *et seq.*). This proceeding was brought under the clause of the lease which provided as follows: " One of the tenants under this lease is an employee of Park-chester. In the event that said employee shall resign his position with the landlord, or his employment shall be terminated by said landlord, then this lease shall automatically be cancelled without notice by either party within ten (10) days following such event when the tenants agree to remove from said premises and surrender the same to the landlord."

It is customary for landlords to provide apartments for superintendents and other employees at a reduced rental for the twofold purpose of offering an inducement to the prospective employee to take the position and giving to the landlord the advantage of having the employee on the premises in the event that his services are required for any emergency. This clause is the usual type inserted in the form of lease with a tenant employee.

The landlord contends that under this clause it is entitled to repossess the premises by reason of the tenant's induction into the armed forces under the Selective Service Act.

It may very well be that the landlord intended that the clause embrace such an eventuality, but that intention must be found in the language of the clause itself.

In *Brainard* v. *N. Y. C. R. R. Co.* (242 N. Y. 125, 133) the court said: " If the court finds as a matter of law that the contract is unambiguous, evidence of the intention and acts of the parties plays no part in the decision of the case."

In determining whether the language used was ambiguous, the court may not give a strained meaning to the words and phrases. (*Cream of Wheat Co.* v. *Crist Co.*, 222 N. Y. 487; *Brainard* v. *N. Y. C. R. R. Co., supra; Buffalo Acad. of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242, 249; *Heller* v. *Pope*, 250 N. Y. 132, 135; *Halpern* v. *Amtorg Trading Corp.*, 265 App. Div. 540.)

In *Heller* v. *Pope* (*supra*) the rule was stated by POUND, J., at page 135: " But plain meanings may not be changed by

parol and the courts will not make a new contract for the parties under the guise of interpreting the writing.''

And in *Cream of Wheat Co.* v. *Crist Co.* (*supra*) the court per Hogan, J., said at page 493: '' The contracts in question were definite and unambiguous. The parties thereto express in plain terms the undertaking of each party and the mutual intention existing between them. It is not for the courts to make new contracts between them or to give their express language a strained or unreasonable construction.''

The word '' resign '' in its ordinary and usual sense means a voluntary act. The court would be straining the language used by the landlord to interpret the word '' resign '' to include an induction of the tenant employee into the armed forces under the Selective Service Act. If, however, there were any doubt in the court's mind, that doubt must be resolved in favor of the tenant under the well-established rule that if the language used is capable of more than one construction, the court must resolve all doubts against the person who uses the language. (*Gillet* v. *Bank of America,* 160 N. Y. 549; *Halpern* v. *Amtorg Trading Corp., supra.*)

In the *Gillet* case (*supra*) the court at page 555 said: '' The reason of the rule that the language of an instrument is to be construed against the person who proposes it rather than against the person who is invited to accept it, is that men are supposed to take care of themselves, and that he who chooses the words by which a right is given, ought to be held to the strict interpretation of them, rather than he who only accepts them.''

The lease in question was executed on September 1, 1943. Certainly the contingency of the tenant employee's being inducted under the Selective Service Act was foreseeable, and express provision could have been made for it.

On the equitable side the court cannot help but recognize that the strained construction urged by the landlord would result in a considerable hardship to the wife of the inductee tenant and their two infant children due to the present housing shortage.

If the present rental being paid by the tenant is inadequate, then the landlord may have some other remedy, but this present holdover proceeding must fail.

The proceeding is accordingly dismissed.