154

In the Matter of the Accounting of ERNEST R. EARLY et al., as Trustees under the Will of GILBERT W. KEECH, Deceased.

Surrogate's Court, Orange County, April 18, 1946.

*Frank H. Detweiler* and *James McCarthy* for Chemical Bank & Trust Company.

*Robert F. Buttles* for accountants.

*Rainey S. Taylor,* special guardian for Gilbert W. Keech, Jr., an infant.

TAYLOR, S. The Chemical Bank & Trust Company claims a right to qualify and act as trustee in the place and stead of H. T. Richardson, deceased trustee, and such application requires a construction of paragraph " FOURTH " of the testator's will.

" I hereby nominate and appoint my friend, ERNEST R. EARLY, of 25 Fernwood Road, Summit, New Jersey, and my friend, H. T. RICHARDSON, of the Richardson & Boynton Company, as the Executors and Trustees of this my last Will and Testament. In the event that either or both of them shall be unable to qualify or shall resign as Executor and/or Trustee, then I hereby nominate, constitute and appoint the CHEMICAL NATIONAL BANK AND TRUST COMPANY OF NEW YORK as Executor and/or Trustee in the place and stead of either or both of them.

" I direct that my said Executors and Trustees shall not be required to give any bond or other security for the faithful performance of their duties."

The Chemical Bank claims that the question here involved is solely one of construction of the will, while the special guardian earnestly argues that the appointment of the Chemical Bank as trustee in the place and stead of Mr. Richardson is a matter in the Surrogate's discretion.

The clause of the will is not ambiguous. The testator sets forth two contingencies (i.e., the inability of either trustee to qualify or his resignation) as grounds for the appointment of the bank as successor trustee. Neither of these contingencies has occurred, for both Mr. Early and Mr. Richardson qualified and for some time past have been acting as trustees and neither has resigned.

We have only the testator's written word as to what he intended, and " The courts will not undertake to make a better will nor name a better executor for the testator." (*Matter of Leland,* 219 N. Y. 387, 393.) The words which the testator used must be presumed to express his purpose and they control. (*Matter of Poonarian,* 234 N. Y. 329; *Matter of Miner,* 146 N. Y. 121; *Matter of Trischett,* 184 Misc. 599.)

The rule which governs here was very well stated in *In Re McKenzie's Will* (53 N. Y. S. 2d 422, 423) wherein the Surrogate said: " The testamentary intent which the court must determine from its study of the language of the will and, when found, must follow, is not one which may have existed in the mind of the testator at the time of the execution of the will nor one which he may have desired or intended to express, but an intent which is disclosed only upon an examination of the language actually found and expressed in the will itself ".

The bank very well argues that if the testator intended there should be an individual and a corporate trustee in the event either individual was unable to qualify or should resign, he intended to follow through and to provide for a successor trustee if by reason of any fortuity there should be but one individual trustee remaining. As before stated we have only the testator's language to guide us, and even though upon reflection we can see no reason for providing for a successor trustee in the one instance and not in the other, the right to provide for a successor trustee in specified contingencies and not in others peculiarly belongs to the testator. His will as he passed it on to us must control and the court is powerless to change it.

It has not been argued, nor could it be, that trustee Richardson resigned. " The word ' resign ' in its ordinary and usual sense means a voluntary act." (*Metropolitan Life Ins. Co.* v. *Walsh,* 183 Misc. 230, 232.) Mr. Richardson's ceasing to con-

tinue as trustee was in no sense a voluntary act on his part, but the act of a great power to whom all must yield.

The special guardian argues that the appointment of the bank is a matter of discretion with the Surrogate. Assuming that he is correct in so contending, there appears here no good reason for the naming of a successor, and the appointment of a successor under the conditions here existing is not expressly or even impliedly required from the scheme of the will. There are the further points that the income beneficiary will become of age May 25, 1947, and through the special guardian he objects to the appointment of a successor. The latter is to be accorded some weight, especially as it would mean additional and rather substantial commissions to the successor (*Matter of Foster*, 135 Misc. 423; Surrogate's Ct. Act, §§ 93, 168).

The application of the Chemical Bank & Trust Company to qualify as successor trustee is denied, both as matter of law and in the Surrogate's discretion.

Decree may be presented by consent or upon notice settling the account as filed and construing the will as herein indicated.