OPINION OF THE COURT
Thomas J. Lowery, J.
In this CPLR article 30 action, Hartford Insurance Company (Hartford) seeks a declaration that the coverage afforded to its insured, Seaway Bank (Seaway) under a business auto liability policy was excess and not primary coverage. The question presented arises out of the settlement of an automobile personal injury claim. Nationwide Mutual Insurance Company (Nationwide) contends that its garage liability policy, as well as Hartford’s business auto policy, provides primary *898 insurance and that the proportionate share provisions of both policies must apply. Hartford contends that the insurance provided by its policy is excess over any other collectible insurance. In dispute is the sum $39,908.80, which Nationwide seeks to recover from Hartford as reimbursement for sums paid by it over and above its proportionate share of the settlement. Both Hartford and Nationwide have moved for an order granting summary judgment in their favor (CPLR 3212).
The facts, insofar as they are material, are not in dispute. Seaway, holder of a security interest, hired Homer Smith to repossess a boat and automobile in North Carolina and to transport the vehicles to its principal office in Watertown, New York. Smith hired Stanley Lester to perform the task of transporting the vehicles. While in the course of this activity, Lester was involved in an accident in which Harold Hemingway was injured. Following the accident, Hemingway brought a suit against Seaway, Smith, and Lester, which was settled for the sum of $212,000. Nationwide contributed $50,000, its policy limits, and Hartford paid the excess. The sums contributed by each carrier were paid without prejudice to Hartford and/or Nationwide bringing an action to have their rights declared.
Hartford does not dispute the fact that the repossessed auto involved in the accident was a covered auto under the liability policy it had issued to Seaway. It contends, however, that the "Other Insurance” provision of its liability policy (Part VI) is controlling. The latter provides, inter alia, that "[f]or any covered auto you own this policy provides primary insurance” and "[f]or any covered auto you don’t own, the insurance provided by this policy is excess over any other collectible insurance”. Hartford argues that the term ownership is synonymous with actual title and until Seaway disposed of the collateral (auto) pursuant to article 9 of the Uniform Commercial Code, its status is merely that of a lienholder and not an owner. Hartford urges that this is so, even though Seaway would be deemed an owner under section 388 of the Vehicle and Traffic Law for purposes of determining liability for injuries to person or property as a result of the negligent use or operation of the repossessed auto. Nationwide takes a contrary position. It argues that ownership, as it pertains to Hartford’s policy, means legislatively imposed ownership, as well. In this regard, Nationwide points to section 388 of the Vehicle and Traffic Law wherein it is provided that a secured *899 party is deemed an owner where a vehicle has been repossessed by it.
The arguments advanced by both Hartford and Nationwide are unavailing. Neither the Uniform Commercial Code nor the Vehicle and Traffic Law are dispositive of the issue as to whether a repossessed vehicle is an owned vehicle within the terms of Hartford’s policy. Rather, it is a matter of contract interpretation.
The test on a motion for summary judgment is to ascertain whether there are issues of fact properly to be resolved by a jury (CPLR 3212 [b]). The objective as to any question of the interpretation of a written agreement is, of course, to determine what the intention of the parties was as derived from the language employed. (4 Williston, Contracts § 600, at 280 [3d ed].) In this regard, it is ordinarily the responsibility of the court to interpret written contracts. (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, affd 49 NY2d 924.) This is especially so where no ambiguity exists. (Bethlehem Steel Co. v Turner Constr. Co., 2 NY2d 456.) There is but one exception. Where, in the first instance, the court has determined that a written contract is so beset by ambiguity that the determination of the intention of the parties cannot be ascertained without resort to extrinsic evidence, and extrinsic evidence has been tendered by the parties to resolve the ambiguity, then in that case it is for the jury to judge the credibility of the extrinsic evidence and whatever inferences reasonably can be drawn therefrom. (Sutton v East Riv. Sav. Bank, 55 NY2d 550.) On the other hand, where no ambiguity in the first instance is found by the court or where the equivocality must be resolved wholly without reference to extrinsic evidence, the written contract then becomes one for construction by the court. (Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172.)
In the present case, the written contract is one for construction by the court, since no extrinsic evidence has been tendered bearing on the intent of the parties (Hartford and Seaway). In searching for the probable intent, the court is guided by several well-established principles of law. The words of the contract must be accorded their "fair and reasonable meaning”. (Heller v Pope, 250 NY 132, 135.) Generally, the aim is a practical interpretation of the expressions of the parties to the end that there be a " 'realization of [their] reasonable expectations’ ” (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 400; 1 Corbin, Contracts § 1). Not *900 merely literal language, but whatever may be reasonably implied therefrom must be taken into account. (Matter of People [Bond & Mtge. Guar. Co.], 267 NY 419, 425.)
Turning to an examination of Hartford’s policy, it is noted that the primary policy contains a schedule of covered autos that Seaway owned. It also contains a schedule for nonowned and hired autos on which there is a notation that it does not apply. Under the circumstances, there is no need to define what is meant by an owned vehicle, since owned vehicles are specifically listed in the policy. Subsequent to the issuance of the primary policy, an endorsement for repossessed autos was added to the policy. It provides coverage for autos being repossessed by Seaway, held by Seaway for sale after repossession, and pending delivery after sale. There is no indication in the endorsement as to whether a repossessed vehicle is an owned or nonowned vehicle. The reason for the omission is obvious, since the coverage afforded does not depend upon ownership, but rather upon the use in which the repossessed auto is placed. Under the circumstances, a "realization of the parties’ reasonable expectation” dictates that a repossessed vehicle is neither an owned nor nonowned vehicle, but rather a vehicle for which primary coverage is to be provided under the policy.
Accordingly, the plaintiff Hartford’s motion for summary judgment is denied and the defendant Nationwide’s cross motion for summary judgment is granted.