■ JEFF ROSENBLATT, Appellant, v INDEPENDENT RESOURCES NETWORK CORP. et al., Respondents. [715 NYS2d 850] —In an action to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered May 7, 1999, as denied his motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover post-employment payments allegedly owed to him by the defendants under an employment agreement. The Supreme Court found that the defendants had breached the agreement, but concluded that the plaintiff was not entitled to the entire amount sought in his complaint since he had violated a restrictive covenant in the agreement.

Contrary to the plaintiff's contention, the Supreme Court correctly construed the terms defined in the employment agree-

ment in concluding that the plaintiff violated the restrictive covenant. The Supreme Court duly accorded the words of the contract their "fair and reasonable meaning" (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555; *Heller v Pope,* 250 NY 132, 135). The Supreme Court also correctly determined that the plaintiff failed to establish the exact date on which his employment terminated.

The plaintiff's remaining contentions are without merit. Sullivan, J. P., McGinity, H. Miller and Smith, JJ., concur.